SECTION 1

1

2

3

# FILED

MAY 21 1984

JOHN J. CORCORAN, COUNTY CLERK

C. Lanier

BY C. LANIER, DEPUTY

8      SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES

10   DEPARTMENT NO. 130          HON. PAUL BOLAND, JUDGE

11

12   THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                              )
13                          PLAINTIFF,        )
                                              )
14            VS.                             )     NO. A 382 607
                                              )
15   SANTOS CHAVEZ,                           )     GUILTY PLEA
                                              )
16                          DEFENDANT.        )
                                              )
17   ──────────────────────────────────────  )

18   LOS ANGELES, CALIFORNIA; THURSDAY, APRIL 26, 1984; 10:25 A.M.

19           UPON THE ABOVE DATE, THE DEFENDANT BEING PRESENT

20   IN COURT WITH COUNSEL, MITCHELL EGERS, ESQ.; PAMELA DAVIS

21   SPRINGER, DEPUTY DISTRICT ATTORNEY OF LOS ANGELES COUNTY,

22   REPRESENTING THE PEOPLE OF THE STATE OF CALIFORNIA, THE

23   FOLLOWING PROCEEDINGS WERE HELD:

24           (CINDY L. LINDLEY, OFFICIAL REPORTER, CSR #3997.)

25

26       THE COURT:  NO. 202, THE MATTER OF SANTOS CHAVEZ IS ON

27   CALENDAR FOR TRIAL.  MR. CHAVEZ IS PRESENT WITH HIS ATTORNEY,

28   MITCHELL EGERS, AND DEPUTY DISTRICT ATTORNEY PAMELA DAVIS

1   SPRINGER.

2           MY UNDERSTANDING IS THAT THERE WILL BE A CHANGE

3   OF PLEA FROM ONE OF NOT GUILTY TO ONE OF GUILTY.  AND, MR.

4   EGERS AND MRS. SPRINGER, COULD YOU INDICATE THE TERMS OF THE

5   PLEA BARGAIN.

6       MS. SPRINGER:  YES, YOUR HONOR.  PURSUANT TO OUR

7   DISCUSSION BETWEEN COUNSEL AND MYSELF, THE DEFENDANT IS

8   PREPARED TO AT THIS TIME, IT IS MY UNDERSTANDING, PLEAD GUILTY

9   TO COUNT II OF THIS INFORMATION, MURDER.  HE IS PREPARED TO

10  ADMIT TO THE USE ALLEGATION IN RETURN FOR WHICH THE REMAINING

11  COUNTS WILL BE DISMISSED.

12          THERE WILL BE A STIPULATION THAT THERE IS A

13  FACTUAL BASIS FOR A FINDING THAT THE MURDER IS IN THE SECOND

14  DEGREE.  THE TERM OR SENTENCE WILL BE 15 YEARS TO LIFE ON THE

15  MURDER, PLUS TWO YEARS FOR THE USE ALLEGATION, TO RUN CON-

16  SECUTIVELY TO THAT 15 TO LIFE.  SO FOR A TOTAL TERM OF 17 TO

17  LIFE.

18          I BELIEVE COUNSEL WISHED TO ADDRESS THE COURT

19  ON WHETHER OR NOT THIS COURT SHOULD STAY THE USE ALLEGATION

20  AS IT WILL FOR THE CO-DEFENDANT IN THE MATTER.  I INDICATED

21  TO MR. EGERS THAT I WOULD VEHEMENTLY OPPOSE SUCH STAY.

22          THAT THE ONLY REASON THAT MR. CANTU RECEIVED

23  THE STAY WAS IN RETURN FOR HIS COOPERATION.

24      MR. EGERS:  THAT IS A CORRECT STATEMENT, YOUR HONOR.

25  AT THIS TIME WE WILL ADMIT THE USE.  WE ARE GOING TO ASK FOR

26  A STAY.  AND WE WILL BE FREE UNDER THE TERMS OF THIS ENTRY

27  OF THE PLEA TO MAKE AN ARGUMENT FOR THE STAY.

28      THE COURT:  AT THE TIME OF SENTENCING?

1    MR. EGERS:  YES.

2    THE COURT:  WHEN WE GET TO THAT POINT, SHOULD WE

3    CONTINUE THIS MATTER FOR SENTENCING ON THE SAME DATE AS THE

4    SENTENCING IN MR. CANTU'S MATTER?

5    MR. EGERS:  I HAVE NO OBJECTION.

6    MS. SPRINGER:  I DON'T THINK THAT WOULD BE VERY

7    ADVISABLE, YOUR HONOR.  I WOULD ASK THAT THIS BE THE DAY

8    BEFORE SO IF ANYTHING GOES WRONG, WE WILL KNOW WHETHER OR

9    NOT WE HAVE TO CONTINUE THE PROBATION AND SENTENCING.

10   THE COURT:  I UNDERSTAND.

11   MR. EGERS:  LET ME STATE I DON'T KNOW WHAT THE MOTIVA-

12   TION IS.  BUT IF IT IS A CONCERN ABOUT THE TWO BEING IN THE

13   SAME COURT AT THE SAME TIME, THERE IS NO PROBLEM, I ASSURE

14   EVERYBODY OF THAT.

15   MS. SPRINGER:  MR. EGERS, MR. CANTU IS NOW IN A SPECIAL

16   HANDLING STATUS --

17   MR. EGERS:  I UNDERSTAND.  I JUST WANT TO ALLEVIATE

18   ANYBODY'S CONCERNS ABOUT THIS.  I HAVE HAD A DISCUSSION WITH

19   MY CLIENT.  HE KNOWS THAT MR. CANTU CAME IN AND MADE THE

20   STATEMENT AND ENTERED A PLEA OF GUILTY.

21   THERE HAS BEEN A LENGTHY DISCUSSION ABOUT IT.

22   I CAN ONLY ASSURE THE COURT OR CONVEY MY ASSURANCES THAT I

23   HAVE BEEN TOLD THAT THERE IS NO PROBLEM IN THAT REGARD.

24   MS. SPRINGER:  WELL, I STILL DON'T THINK IT IS

25   ADVISABLE.

26   MR. EGERS:  YOUR HONOR, I WILL SPEAK VERY FRANKLY TO

27   THE COURT.  THERE IS GOING TO BE A STAY ON THE OTHER

28   DEFENDANT'S USE ALLEGATION.  I WOULD LIKE TO GET THE BENEFIT

1   OF THE SAME THING.

2           THERE MAY BE SOME BENEFIT IN HAVING HIM SENTENCED

3   AT APPROXIMATELY THE SAME TIME OR ON THE SAME DAY. AND THAT

4   IS MY ONLY MOTIVATION.

5           I DON'T THINK THERE IS GOING TO BE ANY PROBLEM

6   AS FAR AS PHYSICAL CONTACT. THE DEFENDANT HAS ASSURED ME

7   THAT THERE ISN'T.

8       MS. SPRINGER:  IF IT IS NO PROBLEM WITH THE SHERIFF'S

9   DEPARTMENT, THEY DO NOT OBJECT TO HANDLING A SPECIAL HANDLING

10  DEFENDANT INMATE AT THE SAME TIME THEY ARE HANDLING THIS

11  DEFENDANT, THEN THE PEOPLE WOULD SUBMIT IT.  IT IS FINE.

12      THE COURT:  ALL RIGHT.

13      MR. EGERS:  AFTER HAVING SAID THAT, I AM GOING TO FIND

14  OUT WHAT DATE WE ARE TALKING ABOUT.

15      MS. SPRINGER:  MAY 23RD.

16      THE COURT:  MAY 23RD IS THE DATE FOR SENTENCING IN

17  MR. CANTU'S MATTER.

18      MR. EGERS:  VERY WELL, YOUR HONOR.

19      THE COURT:  MRS. SPRINGER, YOU MAY GO AHEAD.

20      MS. SPRINGER:  THANK YOU.

21          SANTOS CORDERO CHAVEZ, IS THAT YOUR TRUE NAME?

22      THE DEFENDANT:  YES.

23      MS. SPRINGER:  IN INFORMATION NO. A382607, YOU ARE

24  CHARGED WITH FOUR COUNTS.  COUNT I BEING CONSPIRACY TO COMMIT

25  MURDER.  COUNT II BEING A VIOLATION OF SECTION 187, MURDER.

26  AND COUNTS III AND IV BEING A VIOLATION OF SECTION 664/187,

27  ATTEMPTED MURDER.

28          IT IS MY UNDERSTANDING, MR. CHAVEZ, THAT AT THIS

1   TIME YOU WISH TO CHANGE YOUR PREVIOUSLY ENTERED PLEA OF NOT

2   GUILTY TO COUNT II AND ENTER A PLEA OF GUILTY AT THIS TIME.

3   IS THAT WHAT YOU WISH TO DO?

4        THE DEFENDANT:   YES.

5        MS. SPRINGER:   AND THAT YOU FURTHER WISH TO CHANGE

6   YOUR DENIAL OF THE USE ALLEGATION THAT YOU PERSONALLY USED A

7   FIREARM TO THE FACT THAT YOU ARE GOING TO ADMIT THAT YOU DID

8   PERSONALLY USE A FIREARM; IS THAT CORRECT?

9        THE DEFENDANT:   YES.

10       MS. SPRINGER:   NOW, BEFORE WE CAN TAKE YOUR PLEA OF

11  GUILTY, MR. CHAVEZ, THERE ARE CERTAIN CONSEQUENCES THAT YOU

12  HAVE TO BE ADVISED OF.

13            YOU HAVE BEEN HERE PRESENT IN COURT WHEN WE HAVE

14  SET FORTH THIS PARTICULAR NEGOTIATED SETTLEMENT IN FRONT OF

15  THE JUDGE.   AND YOU HAVE HEARD WHAT IS GOING TO HAPPEN.

16            HOWEVER, I AM GOING TO FORMALLY ADVISE YOU AS

17  TO WHAT IS GOING TO HAPPEN.

18            AFTER YOU ENTER YOUR PLEA TODAY, A PROBATION

19  REPORT WILL BE ORDERED.   AND YOU WILL COME BACK BEFORE THIS

20  COURT ON MAY 23RD.   AT THAT POINT IN TIME THE JUDGE WILL

21  DECIDE WHAT IS GOING TO HAPPEN TO YOU.

22            AND, MR. CHAVEZ, I WILL INDICATE TO YOU RIGHT

23  NOW THAT YOU ARE GOING TO STATE PRISON.   THE ONLY QUESTION

24  WILL BE WHETHER OR NOT IT IS FOR A TERM OF 15 TO LIFE OR 17

25  TO LIFE.

26            YOU UNDERSTAND THE PEOPLE ARE GOING TO ARGUE

27  THAT YOU DO NOT RECEIVE THE BENEFIT OF THE STAY ON THE USE?

28  THAT YOU SHOULD BE SENTENCED CONSECUTIVELY ON THE USE ALLEGATION

1    AND THAT YOU SHOULD BE SENTENCED TO 17 YEARS TO LIFE?

2            DO YOU UNDERSTAND THIS?

3            THE DEFENDANT:  YES.

4        MS. SPRINGER:  AND KNOWING THIS, DO YOU STILL WISH TO

5    GO FORWARD WITH THIS PLEA OF GUILTY?

6            THE DEFENDANT:  YES.

7        MS. SPRINGER:  HAVE ANY OTHER PROMISES BEEN MADE TO

8    YOU REGARDING YOUR SENTENCE IN THIS CASE IN ORDER FOR YOU TO

9    PLEAD GUILTY AT THIS TIME, ANY OTHER PROMISES BEEN MADE

10   OTHER THAN WHAT WE HAVE JUST STATED?

11       MR. EGERS:  NONE OTHER THAN THE FACT THAT THE OTHER

12   CHARGES WILL BE DISMISSED.

13           THAT IS CORRECT, ISN'T IT, MR. CHAVEZ?

14           THE DEFENDANT:  YES.

15       MS. SPRINGER:  MR. CHAVEZ, YOU UNDERSTAND THAT COUNTS

16   I, III AND IV WILL BE DISMISSED AT THE TIME OF PROBATION AND

17   SENTENCING PROVIDED YOU DO GO FORWARD?

18           DO YOU UNDERSTAND THAT?

19           THE DEFENDANT:  YES.

20       MS. SPRINGER:  I MUST ALSO ADVISE YOU, MR. CHAVEZ,

21   THAT YOUR PLEA OF GUILTY IN THIS CASE, IF YOU ARE ON PROBATION

22   ON ANY OTHER CASE, COULD RESULT IN THE VIOLATION OF PROBATION

23   ON THAT OTHER CASE.  I AM NOT AWARE OF ANY OTHER CASE THAT

24   YOU HAVE PENDING AT THIS TIME BECAUSE YOU HAVE BEEN IN CUSTODY

25   SINCE APPROXIMATELY SEPTEMBER OF 1982.

26           HOWEVER, I MUST ADVISE YOU OF THIS.

27           DO YOU UNDERSTAND THIS?

28           THE DEFENDANT:  YES.

1     MS. SPRINGER:  AND DO YOU STILL WISH TO PLEAD GUILTY?

2          THE DEFENDANT:  YES.

3     MS. SPRINGER:  NOW, WHEN YOU DO GO TO STATE PRISON,

4     WHEN THE PAROLE BOARD DETERMINES THAT YOU ARE READY FOR

5     RELEASE BACK INTO THE COMMUNITY, YOU WILL BE PLACED ON PAROLE

6     FOR A PERIOD OF FIVE YEARS.

7               IF DURING THAT TIME YOU VIOLATE ANY CONDITION

8     OF PAROLE, YOU CAN BE RETURNED TO STATE PRISON FOR UP TO ONE

9     YEAR.

10              DO YOU UNDERSTAND THIS?

11         THE DEFENDANT:  YES.

12    MS. SPRINGER:  NOW, YOU HAVE CERTAIN CONSTITUTIONAL

13    RIGHTS THAT YOU HAVE TO UNDERSTAND AND GIVE UP IN ORDER TO

14    PLEAD GUILTY TO THIS CHARGE, MR. CHAVEZ.  YOU HAVE THE RIGHT

15    TO HAVE A TRIAL.  YOU HAVE THE RIGHT TO HAVE A JURY TRIAL OR

16    TRIAL BY THE JUDGE SITTING ALONE.  IT IS CALLED A COURT TRIAL.

17              IN A COURT TRIAL THE JUDGE WOULD HEAR THE

18    EVIDENCE.  THE PEOPLE WOULD PRESENT WITNESSES.  THE JUDGE

19    WOULD DECIDE WHETHER OR NOT THE PEOPLE HAD PROVEN BEYOND A

20    REASONABLE DOUBT WHETHER OR NOT YOU ARE GUILTY OF THIS OFFENSE.

21              IN A JURY TRIAL 12 PEOPLE FROM THE COMMUNITY

22    WILL BE SELECTED TO SIT IN THIS JURY BOX.  THEY WOULD HEAR

23    THE EVIDENCE.  THE PEOPLE WOULD HAVE TO PROVE TO THOSE 12

24    PEOPLE THAT YOU ARE GUILTY OF THIS OFFENSE BEYOND A REASONABLE

25    DOUBT.

26              AND ALL 12 PEOPLE WOULD HAVE TO UNANIMOUSLY

27    AGREE BEFORE YOU COULD BE FOUND GUILTY.

28              DO YOU UNDERSTAND YOUR RIGHT TO A TRIAL BY JURY

1    AND TRIAL BY COURT?

2          THE DEFENDANT:  YES.

3          MS. SPRINGER:  DO YOU WAIVE AND GIVE UP THESE RIGHTS?

4          THE DEFENDANT:  YES.

5          MS. SPRINGER:  ALSO, DURING THE COURSE OF THAT TRIAL,

6    MR. CHAVEZ, YOU WOULD HAVE THE RIGHT TO CONFRONT AND CROSS-

7    EXAMINE WITNESSES THAT WOULD BE TESTIFYING AGAINST YOU.

8    VERY SIMPLY, THAT MEANS THAT YOUR ATTORNEY, MR. EGERS, WOULD

9    QUESTION ANY WITNESS THAT WOULD BE TESTIFYING AGAINST YOU,

10   AND YOU WOULD BE PRESENT.

11         DURING THE COURSE OF THAT TRIAL, YOU WOULD ALSO

12   HAVE THE RIGHT TO SUBPOENA ANY WITNESS IN YOUR BEHALF OR IN

13   YOUR DEFENSE AT ABSOLUTELY NO COST TO YOU TO COME INTO THIS

14   COURT AND TESTIFY FOR YOU.

15         YOU WOULD ALSO HAVE THE RIGHT TO PRESENT EVIDENCE

16   IN YOUR DEFENSE.  HOWEVER, IF YOU PLEAD GUILTY TODAY, MR.

17   CHAVEZ, THERE WILL BE NO TRIAL.  THERE WILL BE NO WITNESSES.

18   AND YOU OR YOUR ATTORNEY WILL NOT BE ABLE TO CROSS-EXAMINE

19   THOSE WITNESSES.

20         DO YOU UNDERSTAND THIS?

21         THE DEFENDANT:  YES.

22         MS. SPRINGER:  DO YOU GIVE UP THESE RIGHTS?

23         THE DEFENDANT:  YES.

24         MS. SPRINGER:  YOU ALSO HAVE THE RIGHT AGAINST SELF-

25   INCRIMINATION.  VERY SIMPLY THAT MEANS THAT NO ONE CAN MAKE

26   YOU TESTIFY AGAINST YOURSELF OR SAY ANYTHING AGAINST YOURSELF

27   UNLESS YOU WISH TO DO SO.

28         BUT BY PLEADING GUILTY, YOU ARE INCRIMINATING

1    YOURSELF, MR. CHAVEZ, BECAUSE YOU ARE ADMITTING THROUGH YOUR

2    OWN MOUTH THAT YOU COMMITTED THIS OFFENSE.

3            DO YOU UNDERSTAND THIS?

4        . THE DEFENDANT:  YES.

5        MS. SPRINGER:  AND DO YOU GIVE UP THIS RIGHT?

6        THE DEFENDANT:  YES.

7        MS. SPRINGER:  DO YOU HAVE ANY QUESTIONS REGARDING

8    YOUR CONSTITUTIONAL RIGHTS AS I HAVE JUST EXPLAINED THEM TO

9    YOU?

10       THE DEFENDANT:  NO.

11       MS. SPRINGER:  HAVE YOU DISCUSSED YOUR CONSTITUTIONAL

12   RIGHTS WITH YOUR ATTORNEY, MR. EGERS?

13       THE DEFENDANT:  YES.

14       MS. SPRINGER:  HAVE YOU DISCUSSED THE FACTS OF THE

15   CASE OPENLY AND HONESTLY WITH HIM?

16       THE DEFENDANT:  YES.

17       MS. SPRINGER:  DO YOU FEEL THAT PROCEEDING IN THIS

18   MATTER, PLEADING GUILTY TO SECOND DEGREE MURDER AND ADMITTING

19   THE USE, DO YOU FEEL THIS IS IN YOUR BEST INTEREST AT THIS

20   PARTICULAR TIME?

21       THE DEFENDANT:  YES.

22       MS. SPRINGER:  MR. EGERS, HAVE YOU DISCUSSED ANY AND

23   ALL POSSIBLE LEGAL AND FACTUAL DEFENSES THAT MAY BE AVAILABLE

24   TO YOUR CLIENT?

25       MR. EGERS:  YES.

26       MS. SPRINGER:  DO YOU FEEL THERE IS A FACTUAL -- OR

27   DO YOU STIPULATE THAT THERE IS A FACTUAL BASIS FOR THE PLEA?

28       MR. EGERS:  YES.

9

1          MS. SPRINGER:  AND DO YOU, SIR, FEEL THAT PROCEEDING

2     IN THIS MATTER IS IN THE BEST INTEREST OF YOUR CLIENT?

3          MR. EGERS:  YES.

4          MS. SPRINGER:  MR. CHAVEZ, I MUST FURTHER ADVISE YOU

5     THAT IF YOU ARE NOT A CITIZEN OF THE UNITED STATES, YOUR

6     PLEA OF GUILTY COULD RESULT IN YOUR DEPORTATION, EXCLUSION

7     FROM ADMISSION OR DENIAL OF NATURALIZATION SHOULD YOU REENTER

8     THE UNITED STATES.

9          DO YOU UNDERSTAND THIS?

10         THE DEFENDANT:  YES.

11         MS. SPRINGER:  DOES THE COURT WISH TO INQUIRE?

12         THE COURT:  NO, I DO NOT.  PLEASE GO AHEAD AND TAKE

13    THE PLEA.

14         MS. SPRINGER:  MR. CHAVEZ, TO INFORMATION NO. A382607,

15    COUNT II, CHARGING YOU WITH A VIOLATION OF SECTION 187 OF

16    THE PENAL CODE, MURDER, IN THAT YOU DID WILLFULLY AND UNLAW-

17    FULLY AND WITH MALICE AFORETHOUGHT KILL RONALD RIVAS, A HUMAN

18    BEING, HOW DO YOU PLEAD?

19         THE DEFENDANT:  GUILTY.

20         MS. SPRINGER:  AND DO YOU ADMIT, SIR, THAT IN THE

21    COMMISSION OF THAT OFFENSE, YOU PERSONALLY USED A FIREARM?

22         THE DEFENDANT:  YES.

23         MS. SPRINGER:  IN THIS PARTICULAR OFFENSE, THAT YOU

24    USED A RIFLE; IS THAT CORRECT?

25         THE DEFENDANT:  YES.

26         MS. SPRINGER:  DO COUNSEL JOIN IN THE PLEA AND WAIVER

27    OF RIGHTS?

28         MR. EGERS:  I DO.  AND I THINK THE RECORD SHOULD

10

1    REFLECT AND PROBABLY DOES REFLECT ALREADY THAT THIS IS TO

2    MURDER IN THE SECOND DEGREE.

3         MS. SPRINGER:  YES, YOUR HONOR.  THERE IS THAT

4    STIPULATION.

5         THE COURT:  CORRECT.

6         MS. SPRINGER:  PEOPLE JOIN IN THE JURY WAIVER.

7         THE COURT:  THANK YOU.  THE COURT FINDS THAT MR. CHAVEZ

8    IS AWARE OF THE CHARGES AND ALLEGATIONS IN THIS MATTER.  AND

9    MR. CHAVEZ IS AWARE OF THE CONSEQUENCES OF HIS PLEA.  AND

10   THAT MR. CHAVEZ HAS KNOWINGLY AND INTELLIGENTLY WAIVED HIS

11   CONSTITUTIONAL RIGHTS.

12         MR. CHAVEZ HAS FREELY AND VOLUNTARILY ENTERED

13   THE PLEA.  AND THE COURT FURTHER FINDS THAT BASED ON THE

14   STIPULATION OF COUNSEL, THAT THERE IS A FACTUAL BASIS FOR THE

15   PLEA.  THE COURT ACCEPTS THE PLEA.

16         AND THE MATTER IS CONTINUED TO MAY 23 FOR

17   SENTENCING IN THIS DEPARTMENT.

18         MR. CHAVEZ, YOU ARE DIRECTED TO RETURN ON THAT

19   DATE.  AND YOU WILL BE REMANDED PENDING THAT HEARING, SIR.

20         MR. EGERS:  THANK YOU, YOUR HONOR.

21         THE COURT:  THANK YOU VERY MUCH.

22              (PROCEEDINGS WERE CONTINUED TO

23               WEDNESDAY, MAY 23, 1984.)

24

25

26

27

28

1

2          SUPERIOR COURT OF THE STATE OF CALIFORNIA

3               FOR THE COUNTY OF LOS ANGELES

4    DEPARTMENT NO. 130                    HON. PAUL BOLAND, JUDGE

5

6    THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                              )
7                            PLAINTIFF,       )
                                              )
8          VS.                                )     NO. 382 607
                                              )
9    SANTOS CHAVEZ,                           )REPORTER'S CERTIFICATE
                                              )
10                           DEFENDANT.       )
     _____     )

11

12   STATE OF CALIFORNIA          )
                                  )         SS.
13   COUNTY OF LOS ANGELES        )

14        I, CINDY L. LINDLEY, OFFICIAL REPORTER OF THE SUPERIOR

15   COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS

16   ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND

17   CORRECT TRANSCRIPT OF ALL OF THE ADMONITIONS GIVEN AND WAIVERS

18   AND ADMISSIONS TAKEN AT THE TIME OF THE TAKING OF THE PLEA.

19        DATED THIS 19TH DAY OF _____ MAY _____, 1984.

20

21

22

23

24   _____, CSR #3997
              (OFFICIAL REPORTER)

25

26

27

28

12

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. 130                    HON. PAUL BOLAND, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,    )
                                          )
                              Plaintiff,  )
                                          )
        vs.                               )    NO. A 392607
                                          )
SANTOS CHAVEZ,                            )    STATE PRISON
                                          )
                              Defendant.  )
                                          )
_____)

LOS ANGELES, CALIFORNIA; TUESDAY, JUNE 12, 1984; 9:40 A.M.

        Upon the above date, the defendant being present in
court with counsel, MITCHELL EGERS, Esq.; PAM DAVIS SPRINGER,
Deputy District Attorney of Los Angeles County representing the
People of the State of California.

        (Cindy L. Lindley, Official Reporter, CSR #3997.)


    THE COURT:  Number 301, the matter of Santos Chavez is
on calendar for sentencing.

        Present is Mr. Chavez with his attorney, Mitchell
Egers, and Deputy District Attorney, Pamela Davis Springer.

1

1    Also present is Mr. Chavez' wife, Donna Ortiz

2   Chavez, and Deputy Leonard Rivas, representing the family of

3   Ronald Rivas.

4        Mr. Egers, do you waive formal arraignment for

5   judgment and sentence?

6        MR. EGERS:   I do, Your Honor.

7        THE COURT:   The court has read and considered the report

8   of the probation officer prepared in connection with today's

9   proceedings, as well as the transcript of the hearing conducted

10  on April 26, 1984, at which time Mr. Chavez entered his plea

11  of guilty to Count II of the information.

12       According to the transcript of that proceeding, the

13  court indicated that the sentence would be 15 years to life

14  with regard to the charge of murder, two years additionally

15  for the use allegation to run consecutive to the 15 to life.

16  For a total of 17 years to life.

17       And it was indicated that Mr. Egers at the time of

18  sentencing would argue for a stay of the use allegation.

19       Do counsel wish to be heard?

20       MR. EGERS:   I do, Your Honor, yes.

21       THE COURT:   Please.

22       MR. EGERS:   Your Honor, what we are talking about here

23  is not probation and sending this young man home. We are

24  not talking about forgetting and forgiving. We are not talking

25  about matters that would be illusory only.

26       He is going to prison.  And we know he is going

27  to go to prison.  He is going to go to prison for a long time.

28  He knows it.

1    And the court may say or think in light of that,

2    why am I even going to address you. I am going to address

3    you on a question of two years in prison, Your Honor. And I

4    think that this young man should have that imposition of the

5    use allegation stayed.

6    And I have no embarrassment in asking that of the

7    court. Let me say this. He was eighteen years old when this

8    happened. Not a person of mature judgment, not a person of

9    experience in life, but young, immature, and a person with no

10   ability to look forward into the future.

11   That doesn't help the victim or the victims. They

12   are just as hurt -- or in the case of one of them, just as

13   dead.

14   But as far as the defendant is concerned, we have to

15   understand that he didn't have the mature judgment that a

16   person of adult years would have. He was eighteen at the time.

17   And I tell the court the same thing that is reflected here in

18   the probation report.

19   And that is that this man contrary to many of the

20   attitudes I have seen by defendants, really has expressed

21   repentance to me. He says, "I'm sorry. I have reflected on

22   what has happened here. And I know what happened was terribly

23   wrong."

24   Many of the defendants have the attitude of "I am

25   sorry I got caught." I am sure that thought originally crossed

26   his mind, too, when he got arrested. But he is no longer

27   trying to avoid the penalties that are involved, Your Honor.

28   He does truly repent and reflect upon what happened.

1    I want to also put the situation into a context
2    I think is helpful to us. The defend nt at that time
3    in his car and with Jessie Cantu went looking for some
4    others. That is true.

5    But the backbone of it is that the others had
6    threatened to get him, and that is shown in the report, is
7    shown in the statement of Mr. Cantu when he testified here
8    before Your Honor when his plea was taken, he was placed under
9    oath and by Mrs. Springer he was asked to tell what happens.
10    And he told what happened. And that was the truth.
11    And that is that another gang had come, harassed his wife, that
12    is Santos Chavez' common-law wife, at that time said
13    " We are going to get Santos. We will get him." They are in
14    a dangerous group of people.

15    And Santos in response to that went out together
16    with Jessie Cantu, and this tragic incident occurred.

17    It must be pointed out, too, Your Honor, that the
18    incident perhaps may not have occurred, maybe it wouldn't have
19    occurred. We don't know because the other side started
20    shooting first. That is the testimony that we have from
21    Jessie Cantu.

22    That is the independent investigation I produced --
23    I told Mrs. Springer about long before this plea of guilty was
24    taken. We had a witness that was going to testify to that. I
25    knew of that witness for some months.

26    Mrs. Springer knew that I knew of the witness, and
27    Jessie Cantu says that. I can't say that the shooting would
28    never have occurred.

4

1    I am saying that maybe the shooting would have never

2    occurred if not for that. And I don't think that that is an

3    unfair assumption on my part, just a recognition of this

4    possibility.

5    Jessie Cantu has had, as I understand it, two years

6    stayed for the use of the weapon. And the basis of that is

7    because he cooperated with the prosecution. And on the surface

8    of it, it may seem that, that is a valid reason he cooperates

9    with the prosecution and, therefore, he saves two years.

10    Let me say this, Your Honor. After this incident

11    happened, one person stayed here in town and one person ran

12    away and ran to Texas. The one that stayed here in town was

13    not Cantu. The one that ran to Texas was Cantu.

14    As far as cooperating with the police is concerned,

15    Santos Chavez didn't go and volunteer to the police saying that

16    I participated in this. But he didn't leave the state.

17    And when he was arrested, he was arrested here in

18    Los Angeles. When Cantu was arrested, he was arrested in

19    Texas.

20    It is true that Cantu at some place along the way

21    made a statement to the police. Santos Chavez made a statement

22    to the police that ultimately was going to be kept out of

23    evidence because of the impropriety in taking a statement and

24    the fact that Santos Chavez did lead the police down the wrong

25    path in his statement when he was first arrested. But that

26    is not a basis for making a distinction between him and Cantu.

27    Twenty-four hours before the trial, twenty four hours

28    before the trial or a little bit less Cantu makes a statement

1    -- not months in advance, not a year in advance. But he comes

2    in to the court twenty-four hours later and he says we were both

3    involved. The other side shot first.

4         Santos Chavez was never going to get up and lie to

5    this court if that matter went to trial. Never would he have

6    misled the court, never would he have said anything to the

7    court or to the jury that would have been other than the truth.

8         The fact is that Cantu waited until the last second,

9    an ultimate second, before he says anything about cooperating

10   with the prosecution. The defendant within twenty-four hours

11   goes in and enters a plea of guilty.

12        Your Honor, I don't see the distinction between the

13   two of them and why two more years should be added on to Mr.

14   Chavez. He is going to go to jail for a long time. He knows

15   that. There is no way out of that.

16        He used immature judgment, and he was a stupid,

17   stupid kid when this happened. He is two years older now. I

18   think he shows more mature judgment.

19        I know after going to prison he had better straighten

20   out his life and understand that he cannot take the law into

21   his own hands, no matter how threatened he feels. But he is

22   going to have a long time to reflect on this. He is not going

23   to county jail. He is not going to get out in a few months,

24   and he is not going to think that this was a minor incident.

25        This has taken away his youth. He will get out when

26   the best years of his life are now behind this. He knows all

27   of this.

28        Why am I arguing so much for this little bit of time

1    in comparison for all the time that I know he is going to get?

2    I am arguing because I think it is fair.  It saves him two years

3    in prison or a substantial part of that two years in prison.

4         I think it is fair that he'd be treated the same

5    way as Cantu.  And I ask the court to stay the use allegation.

6         THE COURT:  Mrs. Springer?

7    MRS. SPRINGER:  Yes, Your Honor.  Very briefly, as to Mr.

8    Cantu's cooperation.  From the moment he was apprehended in

9    Texas, he immediately laid out both his and his co-defendant's

10   complicity in the murder.  He waived extradition and came back

11   to California voluntarily.

12        Though it was the type of a midnight hour type of

13   deal worked out with Mr. Cantu, he nevertheless   did agree to

14   testify against this defendant in return for merely staying

15   the use allegation.

16        As to whether or not the other side fired first and

17   as a result two people ended up wounded and one ended up dead,

18   that evidence was in conflict.  That evidence would have to go

19   before the jury, and it would be up to the jury to determine

20   whether or not which fired or who fired first.

21        But the fact remains, regardless of who actually

22   fired first, that this defendant and his friend, Jessie Cantu,

23   armed themselves with loaded firearms, a rifle, a hand gun,

24   and went looking for members from Cypress Park, not particularly

25   the ones who had harassed his wife, but he went looking.

26        They went looking for members of Cypress Park in

27   order to retaliate for the harassment of his wife.  As a result

28   of that hunt, Mr. Ronald Rivas, a marine who was home on leave

                                7

1    without absolutely no evidence that he was involved in any

2    harassment of this defendant's wife, he ended up dead, the

3    victim of a bullet.

4         So, Your Honor, in submission, the People feel that

5    this defendant does not deserve to have the stay -- excuse me.

6    That two years stayed.  There is no basis both in fact, reason,

7    or logic to stay that additional two years.

8         We'd submit it.

9         THE COURT:  Thank you.  Is there any legal cause why

10   judgment and sentence should not now be pronounced?

11        MR. EGERS:  No, Your Honor.

12        THE COURT:  Mr. Chavez is imprisoned in state prison for

13   a period of 17 years to life.  The fifteen years to life with

14   regard to Count I, plus two years pursuant to Penal Code

15   Sections 12022.5 and 1203.06 (A) (1).

16        MRS. SPRINGER:  Excuse me, Your Honor.  I believe the

17   defendant **pled** guilty to Count II.  And it was stipulated

18   that it was in the second degree.

19        THE COURT:  Count II, I stand corrected.

20        The court dismisses Counts I, III and IV.

21        Mr. Chavez is to receive credit for 969 days,

22   including behavior credits for 323 days.

23        The reason, Mr. Chavez, for the imposition of the

24   additional two years is that -- with regard to Mr. Cantu,

25   that was a part of the plea bargain.

26        Had that not been a part of the plea bargain, the

27   court would have imposed the additional two years in his case

28   as well.  I think in light of the seriousness of this offense

1   and the consequences to the Rivas family and to the community

2   which ultimately suffers as a result of his death, that the

3   additional two years is warranted.

4        The court does understand that it does extend the

5   length of your incarceration and does deprive you of additional

6   opportunity to the delayed opportunity to begin the resumption

7   of your life.  The court took those imputing factors in

8   consideration but feels it is appropriate to impose the

9   additional two years rather than staying those two years.

10       Credits of 469, including behavior credits --

11       MR. EGERS:    969.

12       THE COURT:    969 with credits -- behavior credits of 323.

13       MRS. SPRINGER:    969 includes that 323?

14       THE COURT:    Yes.  646 actual time, 323 behavior credits,

15   for a total, if my calculations are correct, of 969.

16       MRS. SPRINGER:    Thank you, Your Honor.

17       THE COURT:    Thank you very much.

18       MR. EGERS:    Your Honor, there is another matter, one

19   second.  If we terminate this matter, I want to get back some

20   property that belongs to somebody else.  Mr. Darbyshire had

21   some objects taken from the house.

22        I wonder if we might get a copy of a minute order

23   returning property that was taken.  There was a gun that was

24   involved, and there are some other objects that have nothing to

25   do with this case whatsoever.

26       MRS. SPRINGER:    I believe Mr. Darbyshire can present proof

27   of ownership and that gun may be returned to him.  But otherwise

28   I don't believe it will be.

1    MR. EGERS:  Well, you have no objection, then, to it being
2    returned?

3        MRS. SPRINGER:  As long as L.A.P.D. doesn't object, and
4    he could provide proof of ownership.

5        THE COURT:  Should there be a minute order that upon
6    submission of documentation to the police department, that
7    personal property of Douglas Grant Darbyshire be returned to
8    him?

9        MRS. SPRINGER:  That is fine, as long as he can prove it
10   is his.

11       THE COURT:  Then the minute order would reflect that upon
12   proof of -- upon proper documentation submitted to the police
13   department, the personal property of Douglas Grant Darbyshire
14   is to be returned to him.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. 130                     HON. PAUL BOLAND, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,    )
                                          )
                        PLAINTIFF,        )
                                          )
        VS.                               )    NO. A 382 607
                                          )
SANTOS CHAVEZ,                            )REPORTER'S CERTIFICATE
                                          )
                        DEFENDANT.        )
                                          )

STATE OF CALIFORNIA          )
                             )  SS.
COUNTY OF LOS ANGELES        )

        I, CINDY L. LINDLEY, OFFICIAL REPORTER OF THE SUPERIOR

COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS

ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND

CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD AT THE TIME OF

PRONOUNCING SENTENCE; THAT THE VIEWS AND RECOMMENDATIONS OF

THE COURT, IF ANY, ARE CONTAINED THEREIN, PURSUANT TO SECTION

1203.01 OF THE PENAL CODE.

        DATED THIS _10th_ DAY OF _____ JULY _____, 1984.




_____, CSR #3997
              OFFICIAL REPORTER

11