# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

SANTOS CHAVEZ,

        Petitioner,

vs.

BEN CURRY, Warden,

        Respondents.

No. C 07-5014 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. See 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner pled guilty to second degree murder in 1984. He received a sentence of seventeen years to life in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

Petitioner challenges a denial of parole by the Board of Parole Hearings on February 9, 2006. As grounds for federal habeas relief, petitioner asserts that: (1) use of the dismissed charges against him as grounds to deny parole violated his plea agreement; (2) police reports about the offense to which petitioner pled guilty are not reliable, so the facts contained in those reports, if not confirmed at the plea proceeding, cannot be "some evidence" to support denial of parole; (3) failure to meet one of the suitability factors is not enough to constitute "some evidence;" (4) the indeterminate sentencing law unconstitutionally deprives him of his statutory right to good time; (5) there was not "some evidence" that petitioner would be a danger to the public if released; (6) the Board's use of the circumstances of his crime to deny him parole violated due process; (7) application of Proposition 89 to petitioner, who was convicted before its passage, violated his ex post facto rights.

These claims are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (repeated denial of parole based on unchanging characteristics of offense might violates due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that "some evidence" support parole denial).

///

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis (document number 4 on the docket) is **DENIED** as moot because petitioner has paid the filing fee.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of anwer. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January   17   , 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\chavez014.osc.wpd

3