Santos Chavez
CORRECTIONAL TRAINING FACILITY
C-87968  ED-178-Up
P.O. Box 689
Soledad, CA 93960-0689
Pro Se



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS CHAVEZ,<br><br>        Petitioner,<br><br>v.<br><br>BEN CURRY, Warden (A), et al.,<br><br>        Respondent. | Case No. C 07-5014 PJH (PR)<br><br>**OBJECTION TO RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO ANSWER PETITION** |

    Santos Chavez, the Pro Se Habeas Petitioner in Case C 07-5014 PJH (PR) challenges his eight (8th) subsequent parole denial, after some 24 years of incarceration, on a sentence of 17 years to life, raising the claims that the 2006 parole Board violated his rights to due process and plea agreement.

    On September 23, 2007, Petitioner mailed his 28 U.S.C. 2254 petition to this Court. On January 17, 2008, this Court issued an Order to Show Cause directing Respondent to answer Petitioner's Petition within 60 days. On March 18, 2008, Respondent mailed, an untimely (2 days late) and meritless request for an extension of time to answer Petitioner's Petition. Respondent does not request a mere 30 day extension (the normal request) they ask for over 60 days, reason a lame claim that access to Petitioner's Central File is restricted.

    Petitioner respectfully request this Court to deny Respondent's request, and either find that Respondent's untimely filing should prevent them from having any late answer be considered allowing this Court to answer Petitioner's

1

Petition on the merits. Clearly if Petitioner was one day late in filing Respondent would demand this Court dismiss his case with prejudice.

If the Court refuses to hold Respondent to the same standard as Petitioner would be held, and allows Respondent to file his answer, then Petitioner ask this Court to order the Answer to be filed and delivered to Petitioner no later than April 18, 2008 with no further extension request allowed.

This Objection to Respondent's request for a 60 days extension of time to answer Petitioner's is based on the following.

In Respondent's declaration she made claims that are extremely suspect, highly doubtful, probably false and possibly a downright lie.

Deputy Attorney General, Amanda J. Murray declared that she is attempting to obtain copies of documents from Petitioner's Central File. She does not say what these Documents are, why they are needed, or what relevance any documents contained in Petitioner's Central file have to do with the "record" of the Board of Parole Hearings.

First, and Foremost, Petitioners is claiming the Board of Parole Hearings "record" does not contain "some evidence" that he currently poses an unreasonable risk to public safety and as such his parole should have been granted.

Second, the Board of Parole Hearings has a complete set of their Parole Hearing "record" at there office in Sacramento, California.

Third, and of most importance, Petitioners Correctional Counselor interviewed Petitioner during the Month of March 2008 asking if Petitioner would like to review the contents of his Central File, which the counselor had present.

How does the Prison Correctional Counselor have access to Petitioner's Prison file and the Prison Litigation Coordinator does not or put another way,

copies are made by personal in inmate records who have the files.

Fourth, what prison recalled inmate central files? Recalled to where? Who authorized this recall? For what purpose was this alleged recall issued? Were the files contaminated, or was the recall to prevent inmate access to the Courts?

Respondent, however, does not disclose any "evidence" of any recall, just an alleged contact between Ms. Murray and the Prison. And based on the fact that Prison Counselors have access to Prison inmate central files, Respondent needs to present some evidence that inmate files are truly not available for copying. Courts should not simply take Respondent's word without verification.

Yet, NONE of the above matters, Respondent has all the records she needs to complete her answer, all she needs is the "record" from the parole hearing, which is the transcript that the Board of Parole Hearings keeps at there Sacramento Office, not in Petitioner's central file, if Respondent is unaware of this she should not be answering Petitions that challenge Parole Hearings.

As this Court is well aware, Respondent's position is: Petitioners does not have a protected liberty interest in parole, the AEPDA prevents relief because the U.S. Supreme Court has not made a ruling regarding California Parole Law, and that the "some evidence" standard does not apply, all claims rejected by the Ninth Circuit. Respondent will then claim "some evidence" supports the Board's decision. So again what "records" from Petitioner's C-file does she need?

Ms. Murray also claimed that she and Petitioner assumes Respondent Warden Curry could not contact petitioner about this requested extension of time. This statement is a downright lie. Respondent's office has telephones, the prison has telephones, she can call the prison and speak to Petitioner, or if she does not wish to speak directly to Petitioner she can use Petitioner's Correctional

Counselor to discus an extension request.

Ms. Murray further claims that Warden Curry, Respondent will be substantially harmed without this extension of time. Here, if Ms. Murray is correct, Warden Curry is somehow preventing the copying of prison files for the California Attorney General, then he is harming Petitioner by preventing his habeas petition from being timely heard, Justice delayed is Justice Denied.

It can be undisputed that Petitioner has served his time for his crime, the only question is when was he actually suitable for release on parole, when this Court finds that the Board's record has "no" evidence to support the Board's decision then Petitioner will have to be released on parole because the time he was required to serve has expired, thus it is Petitioner who is being harmed by Respondent's failure to answer Petitioner's Petition in a timely manner.

Petitioner invites this Court to Call the Prison Litigation Coordinator at Correctional Training Facility, Soledad, California and ask what is up with Petitioner's c-File. Did Ms. Murray properly represent the position of the prison, and if the prison is actually blocking access to copies of documents contained in inmate central files from the California Attorney General's Office, or was Ms. Murray's claim merely an excuse to delay Petitioner's release.

Petitioner believes the Court will find there no "recall" that access to prison inmate central files is normal, after all Petitioner has seen his central file in March 2008 the very month Ms. Murray claimed the prison was denying access.

For all the foregoing reasons Respondents request for an extension of time should be denied as untimely, meritless, a vexatious stall tactic and harmful.

///

///

///

4

DATED: MARCH 23, 2008

Respectfully Submitted,

*/s/ Santos Chavez*
Santos Chavez   Pro Se

I, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 23, 2008 at Soledad, California.

*/s/ Santos Chavez*
Santos Chavez

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____Santos Chavez_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

Santos Chavez, CDCR #: C-87968
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: ED-178-Up
SOLEDAD, CA 93960-0689.

On ____March 23, 2008____, I served the attached:

OBJECTION TO RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO ANSWER PETITION

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA 94102-

DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVENUE SUITE 11000
SAN FRANCISCO, CA 94102-7004

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ____March 23, 2008____.

_Santos Chavez_
Santos Chavez
Declarant

Santos Chavez
CORRECTIONAL TRAINING FACILITY
C-87968  ED-178-Up
P.O. Box 689
Soledad, CA 93960-0689

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA 94102

LEGAL-MAIL