Santos Chavez
CORRECTIONAL TRAINING FACILITY
C-87968  ED-178-Up
P.O. Box 689
Soledad, CA 93960-0689
Pro Se

FILED

08 MAR 27 PM 1:48

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SANTOS CHAVEZ,                )   Case No. C 07-5014 PJH (PR)
                              )
            Petitioner,       )
                              )   NOTICE OF SUPPLEMENTAL AUTHORITIES;
v.                            )   STATEMENT OF RECENT DECISION.
                              )
BEN CURRY, Warden (A), et al.,)
                              )
            Respondent.       )

NOTICE OF SUPPLEMENTAL AUTHORITY Hayward v. Marshall.

Santos Chavez, the Pro Se Habeas Petitioner in Case C 07-5014 PJH (PR) challenges his eight (8th) subsequent parole denial, after some 24 years of incarceration, raising the claims that the 2006 parole Board violated his rights to due process and plea agreement.

On September 23, 2007, Petitioner mailed his 28 U.S.C. 2254 petition to this Court. On January 17, 2008, this Court issued an Order to Show Cause directing Respondent to answer within 60 days. On March 18, 2008, Respondent mailed, an untimely, and meritless request for an extension of time, asking the Court to extent their time to answer to May 19, 2008. Since the time Petitioner filed his Petition, the Ninth Circuit Court of Appeals issued their Relevant Judicial Published Opinion that puts to rest the many open ended questions on what rights and evidence are to be used during a parole consideration hearing.

Case: Hayward v. Marshall, (2008) 512 F.3d 536 filed January 3, 2008.

The Ninth Circuit considered three reasons which might justify denial of parole (1) past criminal history, (2) unstable social history, gang involvement, (3) the nature of the commitment offense. At first glance the court noted all these reasons are historic, static, stale and will never change. The Court concluded: These "reasons" do not support a finding that Hayward would pose an unreasonable risk to "public safety" when released on parole, specifically the Court held:

(1) Past Criminal History: Priors commitment over twenty years ago "do not support a conclusion Hayward currently poses any threat to public safety".

(2) Unstable Social History: Hayward had quit the gang in 1989 and has a stable relationship with family and friends.

(3) Nature of the Commitment Offense: Notwithstanding the fact Hayward committed a "particularly egregious" crime, Hayward's crime occurred over twenty years ago, as such this unchanging factor "cannot demonstrate that Haywards release will pose an "imminent" danger to public safety".

This Hayward decision held: The proper procedure for reviewing a habeas claim against the parole board is whether there is "some evidence" that "the prisoners release will unreasonably endanger public safety". Not whether there is some evidence the committed offenses are egregious. In any event, after reviewing Hayward's "record" the Court concluded that "no evidence" in the record supported a determination that Haywards release would unreasonably endanger public safety, in arriving at this conclusion, the court determined that the denial of parole decision was based on stale and static factors in violation of due process. Thus, the Ninth Circuit found that the State Courts [the Governor [and Prior Parole Boards]] "unreasonably" applied the "some evidence" standard to Haywards application for release on parole.

PETITIONER'S CASE FACTOR'S

Petitioner was sentenced to ONE count of Second Degree murder, for the death of Ronald Rivas. This crime was motivated by rival gangs members who harassed and threatened Petitioner's pregnant common-law wife. Petitioner, being a immature 18 years old, took this attack against his wife extremely personal and went looking for the persons who confronted his pregnant wife, as a consequence of that search, Petitioner was confronted by the rival gang members, who, according to a witness, starting shooting at Petitioner, when Petitioner returned fire, Mr. Rivas was shot and died. Petitioner admitted committing his offense, plea guilty, took full responsibility, expressed his sincere remorse, and promised to quit any and all gang involvement, a promise he has keep. All these facts are undisputed and will never change.

The above Facts were accepted during the STATE PRISON transcript No. A 382607, Los Angeles Superior Court, dated Tuesday June 12, 1984 (see Petitioner's Exhibit E section 2). And Guilty Plea transcripts Los Angeles Superior Court, Thursday, April 26, 1984 No. A 382 607 (Petitioner's Exhibit E section 1).

All referenced Exhibits are filed with Petitioner's 28 U.S.C. 2254 Petition.

Petitioner was a member of the "Avenues" gang prior to incarceration. Petitioner quit the gang immediately after committing his offense, realizing it was the rivalry which motivated his commitment offense. Petitioner had no prior adult record and a minimal juvenile record.

It's immaterial whether <u>Hayward</u> or Petitioner served more time in prison or which who has had more denials of parole. What's material is Petitioner's "record"! Unlike Hayward, Petitioner has a much better prison record than Hayward, Petitioner has: no in-prison crimes, no in-prison violence, no in-prison gang involvement, Petitioner's entire prison "record", from the start,

4

shows a continuous consternated effort towards rehabilitation. Unlike Hayward, who involve himself with gangs and drugs in prison for a number of years prior committing to his goal of rehabilitation. The Court must also recognize that Petitioner admitted committing his crimes early on, unlike Hayward who continued denying he committing murder for years, blaming others.

Comparing Petitioner's "record", to <u>Hayward's</u> "reocrd" Petitioner demonstrates that he would pose a much less risk to public safety then Hayward giving good cause why his Habeas Petition should be granted.

## CONCLUSION

WHEREFORE: Petitioner respectfully request this Court review his case under the Ninth Circuit Court of Appeals ruling in <u>Hayward v. Marshall</u>, (2008) 512 F.3d 536, and find, as this Court must, that "no evidence" in Petitioner's "record" shows him to be any more of a risk to public safety, than Hayward, nor an unreasonable risk to public safety, a finding required by California Law Penal Code 3041(b) and thus GRANT Petitioner's Petition for Writ of Habeas Corpus and further order Petitioner's immediate release on parole.

DATED: MARCH 25, 2008

Respectfully Submitted,

*[signature]*
Santos Chavez   Pro Se

I, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 25, 2008 at Soledad, California.

*[signature]*

Santos Chavez
CORRECTIONAL TRAINING FACILITY
C-87968  ED-78
P.O. Box 689
Soledad, CA 93960-0689

LEGAL MAIL

LEGAL MAIL

3-25-08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA 94102

9410213462 0004