1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5741
     Fax: (415) 703-5843
8    Email: Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry

10

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

| | |
|---|---|
| SANTOS CHAVEZ, | C-07-5014 PJH |
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| BEN CURRY, | Judge: The Honorable Phyllis J. Hamilton |
| Respondent. | |

1

**TABLE OF CONTENTS**

2

**Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES                                              6

4  INTRODUCTION                                                                     6

5  THE STATE COURTS' ADJUDICATION OF CHAVEZ'S CLAIMS WAS
   NEITHER CONTRARY TO, NOR INVOLVED AN UNREASONABLE
6  APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, NOR
   WAS IT BASED ON AN UNREASONABLE DETERMINATION OF THE
7  FACTS.                                                                           6

8       A.   The Standard of Review for Federal Habeas Petitions Brought by State
             Prisoners Is Highly Deferential to the State Courts' Rulings.          6
9

        B.   Chavez's Petition Should Be Denied Because He Received All Process
10           Due:  an Opportunity to Be Heard and an Explanation for the Parole
             Denial.                                                                7
11

        C.   The Some-Evidence Standard of Review Is Not Clearly Established
12           Federal Law by the United States Supreme Court for Challenging
             Parole Denials.                                                        8
13

        D.   Chavez's Petition Should Be Denied Because There Is Some Evidence
14           Supporting the Board's Decision and — as Required by AEDPA — the
             State Court Decision Upholding the Board's Parole Denial Is Based on a
15           Reasonable Application of the Facts in Light of the Evidence Presented. 9

16      E.   No Clearly Established United States Supreme Court Law Precludes the
             State Courts from Upholding the Board's Reliance on Chavez's
17           Commitment Offense to Deny Him Parole.                                 10

18      F.   Chavez Cannot Demonstrate that the State Court Acted Contrary to
             Clearly Established Supreme Court Law or Unreasonably Determined
19           the Facts Regarding His Remaining Claims.                              11

20           1.   Chavez cannot show that the state courts acted contrary to clearly
                  established Supreme Court law regarding his claim that the Board
21                improperly relied on Chavez's version of the commitment offense
                  in the police report.                                            12
22

             2.   Chavez cannot show that the state courts acted contrary to clearly
23                established Supreme Court law regarding his claim that the Board
                  violated his plea agreement by relying on dismissed charges for
24                attempted murder in finding that Chavez's commitment offense
                  involved multiple victims.                                       13
25

             3.   Chavez cannot show that the state courts acted contrary to clearly
26                established Supreme Court law regarding Chavez's claim that he is
                  entitled to parole based on the language of California Penal Code
27                section 3041, subdivision (a).                                   14

28

**TABLE OF CONTENTS  (continued)**

Page

4.    Chavez cannot show that the state courts acted contrary to clearly
established Supreme Court law regarding Chavez's claim that he is
entitled to post-conviction conduct credits.                               14

5.    Chavez cannot show that the state courts acted contrary to clearly
established Supreme Court law regarding Chavez's claim that
Proposition 89 violates his ex post facto rights.                          15

CONCLUSION                                                                  16

# TABLE OF AUTHORITIES

Page

**Cases**

*Avila v. Galaza*
297 F.3d 911 (9th Cir. 2002)                                7

*Benny v. U.S. Parole Comm'n*
295 F.3d 977 (9th Cir. 2002)                                5

*Biggs v. Terhune*
334 F.3d. 910 (9th Cir. 2003)                               10

*Brown v. Poole*
337 F.3d 1155 (9th Cir. 2003)                               13

*Cal. Dept. of Corr. & Rehab. v. Morales*
514 U.S. 499 (1995)                                         15

*Carey v. Musladin*
__ U.S. __, 127 S. Ct. 649 (2006)                     5, 8, 10, 14

*Cook v. Schriro*
__ F.3d __, 2008 WL 441825 *1 (9th Cir. 2008)               8

*Crater v. Galaza*
491 F.3d 1119 (9th Cir. 2007)                               8

*Early v. Packer*
573 U.S. 3 (2002)                                           7

*Ex Parte Rockwell*
75 F.Supp. 702 (1948)                                       15

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*
442 U.S. 1 (1979)                                          2, 7-9

*Gutierrez v. Griggs*
695 F.2d 1195 (1983)                                       5, 12

*Hayward v. Marshall*
512 F.3d 536 (9th Cir. 2008)                                8

*Hernandez v. Small*
282 F.3d 1132 (9th Cir. 2002)                               11

*In re Dannenberg*
34 Cal. 4th 1061 (2005)                                    4, 11

*In re Rosenkrantz*
29 Cal.4th 616 (2002)                                      4, 5

## TABLE OF AUTHORITIES  (continued)

**Page**

*Irons v. Carey*
505 F.3d 846 (9th Cir. 2007)                                                4, 8, 10

*Johnson v. Gomez*
92 F.3d 964 (9th Cir. 1996)                                                      16

*Lockyer v. Andrade*
538 U.S. 63 (2003)                                                               7

*Pedro v. Oregon Parole Board*
825 F.2d 1396 (1987)                                                            12

*People v. James*
176 Cal.App.3d 795 (1986)                                                       14

*Plumlee v. Masto*
512 F.3d 1204 (9th Cir. 2008)                                                7, 11

*Pulley v. Harris*
465 U.S. 37 (1984)                                                              12

*Rose v.  Hodges*
423 U.S. 19 (1975)                                                            5, 12

*Sandin v. Connor*
515 U.S. 472 (1995)                                                             4

*Santobello v. New York*
404 U.S. 257 (1971)                                                             13

*Sass v. Cal. Bd. Prison Terms*
461 F.3d 1123 (9th Cir. 2005)                                                   4

*Schriro v. Landrigan*
___ U.S. ___, 127 S. Ct. 1933 (2007)                                       8, 10, 14

*Stanley v. Cal. Supreme Court*
21 F.3d 359 (9th Cir. 1994)                                                     1

*Superintendent v. Hill*
472 U.S. 445 (1985)                                                           9, 10

*Wilkinson v. Austin*
545 U.S. 209 (2005)                                                             7

*Williams v. Taylor*
529 U.S. 362 (2000)                                                             7

*Woodford v. Visciotti*
537 U.S. 19 (2002)                                                              6

*Wright v. Van Patten*
___ U.S. ___, 2008 WL 59980, at *2 4 (Jan. 7, 2008)                          8, 11

**TABLE OF AUTHORITIES**  (continued)

Page

*Ylst v. Nunnemaker*
501 U.S. 797 (1991)                                                              7


**Constitutional Provisions**

California Constitution, Article V, Section 8(b)                                 15


**Regulations**

California Code of Regulations, Title 15
        § 2281 (a)                        14
        § 2402                            14
        § 2402 (a)                        14
        § 2402 (b)                        13


**Statutes**

California Penal Code
        §1170 *et seq.*                   14
        § 3041                            11
        § 3041, subdivision (a); and (4)  2, 5, 11
        § 3041.2                          15
        § 3046, subd. (c)                 3

28 United States Code
        § 2254                            1
        § 2254(a)                         5, 12
        § 2254(d)                         6, 14
        § 2254(d)(1)                      4, 7, 8
        § 2254(d)(2)                      4
        § 2254(e)                         6


**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)                    6-9, passim
Proposition 89                                                                   2, 5, passim

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5741
     Fax: (415) 703-5843
8    Email: Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry

10

11             IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

   | | |
   |---|---|
   | **SANTOS CHAVEZ,** | C-07-5014 PJH |
   | Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
   | v. | |
   | **BEN CURRY,** | |
   | Respondent. | Judge:    The Honorable<br>Phyllis J. Hamilton |

20      As an Answer to the Petition for Writ of Habeas Corpus filed by California state inmate

21  Santos Chavez, proceeding pro se in this habeas corpus action, Respondent Warden Ben Curry[1/]

22  admits, denies, and alleges as follows:

23      1.    Chavez is in the lawful custody of the California Department of Corrections and

24

25      1. The proper respondent in this action is Warden Ben Curry. *Stanley v. Cal. Supreme
26  Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where the petitioner is incarcerated
    is the proper respondent); Rule 2(a), 28 U.S.C. § 2254. Because the actions complained of in this
27  petition concern a parole consideration hearing, the Board of Parole Hearings is used interchangeably
    with Respondent in this Answer and supporting Memorandum of Points and Authorities for
28  convenience only.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                          *Chavez v. Curry*
                                                                                    C-07-5014 PJH

1  Rehabilitation serving a life sentence following his 1984 conviction in Los Angeles County for

2  second degree murder.  (Ex. A, Abstract of Judgement.)

3      2.   Chavez's Petition does not challenge his conviction; instead, he challenges the Board

4  of Parole Hearings' February 9, 2006 decision finding him unsuitable for parole.  Specifically, he

5  alleges that his federal due process rights were violated because there is no evidence to support

6  the Board's decision.  (*See generally* Petn.)[2/]  He also makes several state law claims alleging

7  that:  (1) the Board improperly considered Chavez's version of the commitment offense in the

8  police report (petn. at 6k); (2) the Board violated his plea agreement by relying upon dismissed

9  charges for attempted murder in finding that Chavez's commitment offense involved multiple

10  victims (*id.* at 6j); (3) Chavez is entitled to parole based on the language in California Penal Code

11  section 3041, subdivision (a); (4) Chavez was unconstitutionally deprived of his statutory right to

12  good time conduct credit under the indeterminate sentencing law (*id.* at 6l); and (5) that the

13  application of Proposition 89 violates Chavez's ex post facto rights.  (*Id.* at 6n-6o.)

14      3.   On July 24, 1983, Chavez and his co-criminal Jessie Cantu, members of the Avenues

15  gang, drove into rival gang territory.  (Ex. B, Subsequent Parole Consideration Hearing, at 4-29,

16  36, 87-100; Ex. C, Probation Officer's Report, at 2-3; Ex. D, 2003 & 2004 Life Prisoner

17  Evaluation Report, at 1 [2003 Report].)  Chavez was armed with a rifle and fired several shots at

18  members of the rival gang.  (Ex. B at 87; Ex. C at 2-3; Ex. D at 2003 Report, 1.)  Ronald Rivas, a

19  bystander, was fatally shot with a single gunshot wound to the head.  (Ex. B at 5; Ex. C at 2-3;

20  Ex. D at 2003 Report, 1.)  Two others were also wounded by the gunfire.  (*Id.*)  Chavez contends

21  the shooting was in retaliation for an attempted attack on his pregnant wife.  (Ex. B at 9-15.)

22      4.   On February 9, 2006, Chavez was provided an opportunity to be heard during

23  his parole consideration hearing (Ex. B at 4-110), and the Board issued a decision explaining

24  why he was not yet unsuitable for parole.  (*Id.* at 111-126); *Greenholtz v. Inmates of Neb. Penal*

25  *& Corr. Complex*, 442 U.S. 1, 16 (1979) (federal due process requires an inmate being

26

27

_____

28      2.  Respondent construes Claims One through Three, Five, and Six in Chavez's Petition as challenging the sufficiency of the evidence.  (Petn. at 6k-6n.)

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Chavez v. Curry*
C-07-5014 PJH

considered for release on parole receive an opportunity to be heard and a reasoned decision).  In

denying him parole, the Board found that the commitment offense was carried out with an

exceptionally callous disregard for human suffering because Chavez armed himself with a rifle

and fired into a crowd of people, killing Rivas with a single gunshot wound to the head.  (*Id.* at

111-126.)  The Board also noted that there were multiple victims, and that with the substantial

gunfire, many additional individuals could have been injured or killed.  (*Id.* at 112.)  Further, the

Board questioned Chavez's motive for the crime because he chose to retaliate against those who

allegedly threatened his wife by killing one person and wounding two others.  (*Id.* at 113.)

Finally, the Board was concerned with Chavez's inconsistent versions of the commitment

offense, and advised that he needed to resolve those inconsistencies to ensure the Board that he

would no longer pose an unreasonable risk of danger to public safety.  (*Id.* at 115-126.)

5.     The Los Angeles District Attorney opposed Chavez's parole.  (Ex. B at 114; Pen.
Code, § 3046, subd. (c).)

6.     Chavez filed a petition with the Los Angeles County Superior Court raising

substantially the same challenges to the Board's 2006 decision that he now asserts in his federal

Petition.  (Ex. E, Superior Court Pet. & Denial.)[3/]  The superior court denied Chavez's petition on

May 4, 2007 in a two-page reasoned decision.  (*Id.*)  Specifically, the court found that there was

some evidence supporting the Board's decision denying Chavez parole because "multiple victims

were attacked, injured or killed" in that Chavez killed Rivas, injured two additional individuals,

and could have harmed several others as he fired multiple shots into a crowd of people.  (*Id.*)

The court also found that the Board's concern regarding Chavez's inconsistent versions of the

murder offense was some evidence supporting the Board's decision to deny him parole.  (*Id.*)

7.     Chavez pursued his claims by filing substantially the same petition for writ of habeas

corpus in California's Second Appellate District, which was denied on July 11, 2007 (Ex. F,

Appellate Court Pet. & Denial.)

---

3. To avoid repetition and unnecessary volume, the exhibits attached to Chavez's state court
petitions have been removed.  Respondent will provide these documents upon the Court's request.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Chavez v. Curry*
C-07-5014 PJH

8.    Chavez then pursued his claims by filing substantially the same petition for writ of habeas corpus in the California Supreme Court, which was denied on September 19, 2007. (Ex. G, Supreme Court Pet. & Denial.)

9.    Respondent admits that Chavez has exhausted his state court remedies regarding the claims alleged in his federal petition regarding his February 2006 parole denial. Respondent denies that Chavez has exhausted his claims to the extent that they are more broadly interpreted to encompass any systematic issues beyond this particular review of parole denial.

10.   Respondent denies that the state courts' adjudication of Chavez's claims was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

11.   Respondent denies that the state courts' adjudication of Chavez's claims was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2).

12.   To preserve the issue, Respondent denies that Chavez has a federal liberty interest in parole under California Penal Code section 3041, notwithstanding the Ninth Circuit's contrary decision in *Sass v. Cal. Bd. Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2005). *See Greenholtz*, 442 U.S. at 12 (finding no federally protected liberty interest in parole release date unless state creates interest through the unique structure and language of state parole statute); *but see also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal liberty interest unless the state's action poses an atypical or significant hardship compared with ordinary prison life). Chavez does not have a federally protected liberty interest in parole under either methodology: first, California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding (*In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005)), and second, an inmate (such as Chavez) continuing to serve his life sentence does not pose an atypical or significant hardship compared to ordinary prison life (*In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002) ["parole release decisions concern an inmate's anticipation or hope of freedom"]). Thus, Chavez does not have a protected liberty interest and fails to assert a basis for federal jurisdiction.

13.   To preserve the issue, notwithstanding the Ninth Circuit's contrary decision in *Irons v.*

1 | *Carey*, 505 F.3d 846, 851 (9th Cir. 2007), Respondent denies that the Supreme Court has ever

2 | clearly established that a state parole board's decision must be supported by some evidence. *See*

3 | *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 654 (2006) (federal habeas relief was improper

4 | under AEDPA in absence of United States Supreme Court precedent).

5 |       14.   Respondent affirmatively alleges that if the some-evidence standard applies to federal

6 | review of parole denials, there is some evidence supporting the Board's 2006 decision to deny

7 | Chavez parole.

8 |       15.   Respondent alleges that there is no clearly established federal law precluding the

9 | Board's reliance on Chavez's commitment offense as a reason to deny him parole. *See*

10 | *Musladin*, 127 S. Ct. at 654.

11 |       16.   Respondent alleges that Chavez's state law claims asserting that (1) the Board

12 | improperly considered Chavez's version of the commitment offense in the police report (petn. at

13 | 6k); (2) the Board violated his plea agreement by relying upon dismissed charges for attempted

14 | murder (*id.* at 6j); (3) Chavez is entitled to parole based on the language in California Penal Code

15 | section 3041, subdivision (a); and (4) Chavez was unconstitutionally deprived of his statutory

16 | right to good time conduct credit under the indeterminate sentencing law (*id.* at 6l), are not

17 | subject to federal habeas relief because they are issues of state law. 28 U.S.C. § 2254(a); *Rose v.*

18 | *Hodges,* 423 U.S. 19, 21 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-1198 (1983).

19 | Moreover, Respondent denies that they are contrary to any established United States Supreme

20 | Court law.

21 |       17.   Respondent denies that Chavez's claim that Proposition 89 violates Chavez's ex post

22 | facto rights. (*Id.* at 6n-6o)

23 |       18.   Respondent denies that the Board's decision denying parole violated Chavez's

24 | federal due process rights.

25 |       19.   If the Petition is granted, Chavez's remedy is limited to a new parole consideration

26 | hearing before the Board that comports with due process. *Benny v. U.S. Parole Comm'n*, 295

27 | F.3d 977, 984-985 (9th Cir. 2002) (finding that the Board must exercise discretion in determining

28 | whether or not an inmate is suitable for parole); *In re Rosenkrantz*, 29 Cal.4th at 658.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Chavez v. Curry*
C-07-5014 PJH

1    20. Respondent denies that an evidentiary hearing is necessary in this matter. 28 U.S.C. §

2  2254(e).

3    21. Respondent alleges that there is any procedural bar to this action, including statute of

4  limitations or non-retroactivity.

5    22. Except as expressly admitted in this Answer, Respondent denies the allegations of the

6  Petition.

7    23. Chavez fails to state or establish any grounds for habeas corpus relief.

8    For the reasons stated in this Answer and in the following Memorandum of Points and

9  Authorities, this Court should deny the Petition.

10 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

11 **INTRODUCTION**

12    Chavez's Petition should be denied because he received the only process due under clearly

13  established Supreme Court authority:  the opportunity to be heard and a decision.  Thus, the

14  Board's decision did not violate his federal due process rights.  Finally, if the some-evidence test

15  is applicable, and Respondent maintains it is not, Chavez's Petition should be denied because

16  there is some evidence supporting the Board's decision denying Chavez parole.

17 **ARGUMENT**

18 **THE STATE COURTS' ADJUDICATION OF CHAVEZ'S CLAIMS WAS**
   **NEITHER CONTRARY TO, NOR INVOLVED AN UNREASONABLE**
19 **APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW, NOR WAS**
   **IT BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**
20
   **A. The Standard of Review for Federal Habeas Petitions Brought by State**
21 **Prisoners Is Highly Deferential to the State Courts' Rulings.**

22    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is a "highly

23  deferential standard for evaluating state-court rulings." *Woodford v. Visciotti*, 537 U.S. 19, 24

24  (2002) (per curiam).  Indeed, federal habeas relief for state prisoners is tightly constrained under

25  AEDPA and a federal petition must be denied unless the state court's adjudication was contrary

26  to, or involved an unreasonable application of, clearly established Federal law, as determined by

27  the United States Supreme Court; or was based on an unreasonable determination of the facts in

28  light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  In

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Chavez v. Curry*
                                                                            C-07-5014 PJH

1   conducting an AEDPA analysis, "[w]hat matters are the holdings of the Supreme Court, not the

2   holdings of lower federal courts." *Plumlee v. Masto,* 512 F.3d 1204, 1210 (9th Cir. 2008) (en

3   banc).

4        Under AEDPA, a state court decision is " contrary to" clearly established Supreme Court

5   precedent "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court]

6   cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of

7   the Supreme Court and nevertheless arrives at a different result. *Early v. Packer,* 573 U.S. 3, 8

8   (2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000)).

9        Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

10  grant the writ if the state court identifies the correct governing legal principle from the Supreme

11  Court's decisions, but unreasonably applies that principle to the facts of the case. *Williams,* 529

12  U.S. at 413. A federal habeas court may not grant the writ "simply because that court concludes

13  in its independent judgment that the relevant state-court decision applied clearly established

14  federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

15  at 411; *see also Lockyer v. Andrade,* 538 U.S. 63, 75 (2003) (it is "not enough that a federal

16  habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

17  the state court was 'erroneous.'")

18       The federal court looks to the last reasoned state court decision as the basis for the state

19  court judgment. *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir. 2002); *see Ylst v. Nunnemaker,* 501

20  U.S. 797, 803-804 (1991).

21       **B.   Chavez's Petition Should Be Denied Because He Received All Process
22             Due: an Opportunity to Be Heard and an Explanation for the Parole
               Denial.**

23       The Supreme Court has found that a parole board's procedures are constitutionally adequate

24  if the inmate is given an opportunity to be heard and a decision informing him of the reasons he

25  is not yet suitable for parole. *Greenholtz,* 442 U.S. at 16. As a matter of "clearly established"

26  federal law then, a challenge to a parole decision will fail if the inmate has received the

27  protections required under *Greenholtz. See Wilkinson v. Austin,* 545 U.S. 209, 229 (2005)

28  (Supreme Court cited *Greenholtz* approvingly for the proposition that the "level of process due

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Chavez v. Curry*
                                                                              C-07-5014 PJH

7

1  for inmates being considered for release on parole includes opportunity to be heard and notice of

2  any adverse decision" and noted that *Greenholtz* remained "instructive for [its] discussion of the

3  appropriate level of procedural safeguards.")  Chavez does not deny that he received an

4  opportunity to be heard or the reasons he was denied parole.  (Ex. B.)  Thus, the state courts'

5  decisions were not contrary to clearly established federal law.

6  **C.    The Some-Evidence Standard of Review Is Not Clearly Established**
   **Federal Law by the United States Supreme Court for Challenging**
7  **Parole Denials.**

8        The some-evidence standard does not apply in federal habeas proceedings challenging

9  parole denials because it is not clearly established federal law.  Yet, the Ninth Circuit has held

10  that the some-evidence standard governs parole cases, even though the Supreme Court has never

11  extended that test from disciplinary cases to parole cases.  *See, e.g., Hayward v. Marshall*, 512

12  F.3d 536, 542 (9th Cir. 2008); *Irons v. Carey*, 505 F.3d at 851; *but see Musladin*, ___ U.S. ___,

13  127 S. Ct. at 654 (federal habeas relief was improper under AEDPA in absence of United States

14  Supreme Court precedent as to specific issue presented).[4]  Indeed, both the United States

15  Supreme Court and the Ninth Circuit, have reiterated that there can be no clearly established

16  federal law where the Supreme Court has never addressed a particular issue or applied a certain

17  test to a specific type of proceeding.  *See e.g., Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct.

18  1933, 1942 (2007) (no federal habeas relief when the issue is an open question in the Supreme

19  Court's precedent); *Wright v. Van Patten*, ___ U.S. ___, 2008 WL 59980, at *2 4 (Jan. 7, 2008)

20  (per curiam) (Supreme Court vacated the judgment, and remanded for further consideration in

21  light of *Musladin* because "No decision of this Court . . . squarely addresses the issue in this

22  case" and, therefore relief under § 2254(d)(1) is "unauthorized"); *Crater v. Galaza*, 491 F.3d

23  1119, 1126 & n.8 (9th Cir. 2007) (citing *Musladin*, the Ninth Circuit acknowledged that

24  decisions by courts other than the Supreme Court are "non-dispositive" under § 2254(d)(1));

25  *Cook v. Schriro*, ___ F.3d ___, 2008 WL 441825 *1, *10 (9th Cir. 2008) (citing *Musladin*, the

26  Ninth Circuit found that absent United States Supreme Court precedent establishing the

27

28  4. Although published after *Musladin*, neither *Irons* nor *Hayward* addressed the *Musladin* Court's AEDPA analysis

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Chavez v. Curry*
                                                                            C-07-5014 PJH

8

1   unconstitutionality of the clause in plea agreements, the Court could not say "that the state court

2   'unreasonably applied clearly established Federal law'").

3         Accordingly, because *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) applied the

4   some-evidence standard to a prison disciplinary hearing and Chavez challenges his 2006 parole

5   consideration hearing, the some-evidence standard does not apply. Because *Greenholtz* is the

6   *only* United States Supreme Court authority describing the process due at a parole consideration

7   hearing when an inmate has a federal liberty interest in parole, the *Greenholtz* test, not the some-

8   evidence standard, should apply in this proceeding. Regardless, Respondent recognizes that the

9   Ninth Circuit has held otherwise and will argue this case accordingly.

10     **D.**     **Chavez's Petition Should Be Denied Because There Is Some Evidence**
          **Supporting the Board's Decision and — as Required by AEDPA — the State**

11           **Court Decision Upholding the Board's Parole Denial Is Based on a**
          **Reasonable Application of the Facts in Light of the Evidence Presented.**

12

13         If this Court finds that the some-evidence standard applies and assuming Chavez has a

14   federally protected liberty interest, some evidence supports the Board's decision denying Chavez

15   parole. The some-evidence standard "does not require examination of the entire record,

16   independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it

17   assures that "the record is not so devoid of evidence that the findings of the . . . board were

18   without support or otherwise arbitrary." *Hill*, 472 U.S. at 455-457 (applying some-evidence

19   standard to prison disciplinary hearing). Thus, both the "reasonable application" standard of

20   AEDPA and the some-evidence standard of *Hill* are very minimal standards.

21         Although Chavez invites the Court to re-examine the facts of his case and re-weigh the

22   evidence presented to the Board, neither AEDPA nor *Hill*'s some-evidence test permit this degree

23   of judicial intrusion. Moreover, in assessing the state court's review of Chavez's claims, not

24   only should the appropriate deference be afforded to the state court's review under AEDPA, but

25   deference is also due to the underlying Board decision. The Supreme Court has recognized the

26   difficult and sensitive task faced by the Board members in evaluating the advisability of parole

27   release. *Greenholtz*, 442 U.S. at 9-10. Thus, contrary to Chavez's belief that he should be

28   paroled based on the evidence in support of his parole (*see generally*, Petn.), the Supreme Court

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.           *Chavez v. Curry*
                            C-07-5014 PJH

1   has stated that in parole release, there is no set of facts which, if shown, mandate a decision

2   favorable to the inmate. *Id.* Instead, under the some-evidence standard, the court's inquiry is

3   limited solely to determining whether the state court properly found that the Board's decision to

4   deny parole is supported by some evidence in the record, *i.e.*, any evidence. *Hill*, 472 U.S. at

5   455.

6          In this case, the superior court concluded that there was some evidence supporting the

7   Board's decision denying Chavez parole in that Chavez killed Rivas, injured two additional

8   individuals, and could have harmed several others as he fired multiple shots into a crowd of

9   people. (Ex. E.) The court also found that the Board's decision was supported by Chavez's

10  inconsistent versions of his murder offense. (*Id.*) This is a reasonable application of the minimal

11  some-evidence test.

12         Thus, if the some evidence test applies, the state court denials were not an unreasonable

13  application of clearly established United States Supreme Court law. Moreover, because the facts

14  were supported by the record as reviewed by the Board (Ex. B), the state courts reasonably

15  determined that the Board's decision was supported by some evidence in the record. Thus,

16  Chavez's Petition should be denied.

17         **E.    No Clearly Established United States Supreme Court Law Precludes the
              State Courts from Upholding the Board's Reliance on Chavez's Commitment
18            Offense to Deny Him Parole.**

19         Chavez contends that the Board violated his federal due process rights by improperly

20  relying on his commitment offense to find him unsuitable for parole. (Petn. at 6n-6m.) Yet,

21  there is no clearly established federal law as determined by the United States Supreme Court

22  precluding the Board's reliance on Chavez's crime as a reason to find him unsuitable for parole.

23  *See Musladin*, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942. Although the Ninth Circuit's

24  recent holdings suggest that continued reliance on the commitment offense may violate due

25  process at some future date (*see, e.g., Irons*, 505 F.3d at 854 [citing *Biggs v. Terhune*, 334 F.3d.

26  910, 916-17 (9th Cir. 2003)]; *Hayward v. Marshall,* 512 F.3d at 547, fn. 10 [court concluded that

27  Governor's continued reliance on Hayward's commitment offense violated due process, but

28  expressly limited its holding to the facts of Hayward's case and the nature of his specific

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                          *Chavez v. Curry*
                                                                                    C-07-5014 PJH

1 | conviction offense], these holdings are irrelevant when conducting an AEDPA analysis.

2 | *Plumlee*, 512 F.3d at 1210 ("What matters are the holdings of the Supreme Court, not the

3 | holdings of lower federal courts").

4 |   Indeed, the Supreme Court recently highlighted the tight constraints imposed by AEDPA:

5 | 
6 | > Because our cases give no clear answer to the question presented,
> let alone one in [Petitioner's] favor, "it cannot be said that the state
> court 'unreasonabl[y] appli[ed] clearly established Federal law.'"
7 | > *Musladin*, 549 U.S. at ___, 127 S. Ct. 649, 654 (quoting 28 U.S.C.
> § 2254(d)(1)). Under the explicit terms of § 2254(d)(1), therefore,
> relief is unauthorized.

8 | 

9 | *Van Patten*, ___ U.S. ___, 128 S.Ct. at 747. Thus, because the Board's reliance on Chavez's

10 | commitment offense to deny parole is supported by California state law (Cal. Pen. Code, §3041;

11 | *Dannenberg*, 34 Cal.4th 1061, 1094 (2005)) and such reliance is not contrary to any clearly

12 | established United States Supreme Court law, Chavez's argument is without merit.

13 |   **F.    Chavez Cannot Demonstrate that the State Court Acted Contrary to Clearly
        Established Supreme Court Law or Unreasonably Determined the Facts**
14 |   **Regarding His Remaining Claims.**

15 |   In addition to challenging the sufficiency of the evidence, Chavez alleges several state

16 | law claims, asserting that: (1) the Board improperly considered Chavez's version of the

17 | commitment offense in the police report (petn. at 6k); (2) the Board violated Chavez's plea

18 | agreement by relying on dismissed charges of attempted murder in finding that Chavez's

19 | commitment offense involved multiple victims (*id.* at 6j); (3) Chavez is entitled to parole based

20 | on the language in California Penal Code section 3041, subdivision (a); and (4) Chavez has been

21 | unconstitutionally deprived of his statutory right to good time conduct credit under the

22 | indeterminate sentencing law (*id.* at 6l). He also alleges that Proposition 89 violates his ex post

23 | facto rights. (*Id.* at 6n-6o.)[5]

24 | 

25 |   5.    In its order, the superior court did not address Chavez's claims regarding the
26 | indeterminate sentencing law or Proposition 89. However, this Court may still review these claims
under AEDPA because this Court is only concerned with whether the superior court's decision —
27 | as opposed to its reasoning — is contrary to or an unreasonable application of Supreme Court law.
*Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (determining in habeas proceedings that
28 | "the intricacies of the state court's analysis need not concern us; what matters is whether the *decision*

1      As an initial matter, Chavez's state law allegations fail to implicate a federal claim to the

2 extent they are based on his construction of the state statutes and regulations regarding the

3 manner in which the parole authority determines suitability for parole. Accordingly, Chavez's

4 claims are predicated on state law and not cognizable in federal habeas corpus. 28 U.S.C. §

5 2254(a); *Rose v. Hodges,* 423 U.S. at 21; *Gutierrez v. Griggs,* 695 F.2d at 1197-1198. Moreover,

6 even if Chavez is alleging that the state court erroneously rejected these claims, a federal court

7 may not challenge a state court's interpretation or application of state law, *Middleton v. Cupp,*

8 768 F.2d 1083, 1085 (9th Cir. 1985), or grant relief "on the basis of a perceived error of state

9 law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984). Accordingly, the Petition should be denied as to

10 these claims.

11      Moreover, as addressed below, Chavez cannot show that the state courts acted contrary

12 to United States Supreme Court law or that they acted unreasonably in rejecting Chavez's state

13 law claims.

14           **1.**    **Chavez cannot show that the state courts acted contrary to clearly established Supreme Court law regarding his claim that the Board**
15                   **improperly relied on Chavez's version of the commitment offense in the police report.**
16

17      Chavez argues that because the police report was not part of the "record of conviction,"

18 and because he pled guilty to second degree murder as part of his plea agreement, the Board

19 cannot use the report to "over ride [sic] reliable factual judicial findings to deny parole." (Petn.

20 at 6k.) However, there is no Supreme Court authority for Chavez's arguments in the context of

21 an administrative parole proceeding. To the contrary, it is well established that the Board is not

22 limited by the nature of the conviction as to the evidence it can consider, most significantly

23 because the Board is not required to support its decision with evidence that meets the criminal

24 beyond-a-reasonable-doubt standard. *See Pedro v. Oregon Parole Board,* 825 F.2d 1396, 1399

25 (1987) (holding that the full panoply of rights due a defendant in a criminal proceeding is not

26

27 the court reached was contrary to controlling federal law.") Thus, this Court may consider whether

28 these additional grounds also support the superior court's decision denying Chavez's federal due process claims. (*Id.*)

1    constitutionally mandated in a parole proceeding because the setting of a parole term is not part

2    of a criminal prosecution); Cal. Code Regs. tit. 15, § 2402 (b).  Indeed, the superior court noted

3    that there was some evidence supporting the Board's concern that Chavez's version of his

4    murder offense in the police report was inconsistent with his current version of events, and

5    concluded that "[w]here guilt is uncontested, Petitioner's version of events may be 'some

6    evidence' he lacks remorse and understanding of the nature and magnitude of the offense." (Ex.

7    E.)

8         Thus, because there is no Supreme Court authority limiting the evidence the Board may

9    consider in determining an inmate's parole suitability, the superior court did not act contrary to

10   clearly established Supreme Court law.  (Ex. E; Ex. B at 87-99, 114-117).  As such, Chavez

11   cannot prove there was an AEDPA violation.

12         **2.    Chavez cannot show that the state courts acted contrary to clearly
                 established Supreme Court law regarding his claim that the Board
13               violated his plea agreement by relying on dismissed charges for
                 attempted murder in finding that Chavez's commitment offense
14               involved multiple victims.**

15         Chavez argues that the Board violated his plea agreement by improperly relying on

16   dismissed charges for attempted murder in concluding that his crime involved multiple victims.

17   (Petn. at 6j.)  Chavez's argument fails because he fails to show an AEDPA violation.

18         Chavez's claim fails because there is no evidence that Chavez was promised in the plea

19   agreement that the Board would be limited in the factors it could consider when making a parole

20   suitability determination — *i.e.*, there was no "promise or representation regarding parole

21   eligibility at the time of the plea." *Santobello v. New York*, 404 U.S. 257, 261-62 (1971); *cf.*

22   *Brown v. Poole*, 337 F.3d 1155, 1160-1161 (9th Cir. 2003) (A plea bargain agreement containing

23   a specific promise, such as when the inmate will be paroled, is enforceable).  In the absence of

24   such evidence, Chavez's subjective belief that the Board could not rely on dismissed charges for

25   attempted murder to deny him parole is insufficient to demonstrate the state courts unreasonably

26   determined the facts regarding his claim.

27         Moreover, there is no clearly established federal law precluding the Board's reliance on

28   the circumstances of Chavez's murder offense as a reason to find him unsuitable for parole.

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Chavez v. Curry*
                                                                             C-07-5014 PJH

1   *Musladin*, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942; Cal. Code Regs., tit. §2402, subd.

2   (b).

3         Thus, in the absence of any clearly established United States Supreme Court law or

4   evidence that the plea restricted the facts the Board can consider, Chavez cannot show that the

5   state courts' decision violated AEDPA, and his Petition should be denied as to this claim.  28

6   U.S.C. § 2254(d).

7        **3.**    **Chavez cannot show that the state courts acted contrary to clearly**
8                **established Supreme Court law regarding Chavez's claim that he is**
             **entitled to parole based on the language of California Penal Code**
9                **section 3041, subdivision (a).**

10        Chavez also contends that he was unlawfully denied parole because the Board is

11  "normally" required to parole all indeterminate life-term inmates after they become eligible for

12  parole under California Penal Code section 3041. (Petn. 6l-6n.)  Because Chavez's allegation

13  fails to state a federal claim and is without merit, he cannot establish a claim for relief.

14        While the Board's regulations set forth a matrix of factors used in setting a parole date

15  (Cal. Code Regs., tit. 15, § 2402), they also specify that the matrix is invoked only after a life

16  inmate is "found suitable for parole." (*Id.* at § 2402 (a); *see also id.* at § 2281 (a).)  There is no

17  United States Supreme Court law mandating that a release date be calculated before an inmate is

18  found suitable for parole.  Accordingly, Chavez cannot prove that the state courts acted contrary

19  to United States Supreme Court law with respect to this claim.

20       **4.**    **Chavez cannot show that the state courts acted contrary to clearly**
             **established Supreme Court law regarding Chavez's claim that he is**
21               **entitled to post-conviction conduct credits.**

22        Chavez argues that he was unconstitutionally deprived of his statutory right to receive

23  good-time conduct credit under the indeterminate sentencing law (ISL).  His claim lacks merit.

24        The ISL applies to murders committed before July 1, 1977; the determinate sentencing

25  law (DSL) applies to murders committed after July 1, 1977.  Cal. Pen. Code, §1170 *et seq.*;

26  *People v. James*, 176 Cal.App.3d 795, 797 (1986).  Thus, because Chavez was convicted of

27  murder in 1984 (Ex. A), the DSL — not the ISL — applies.

28  ///

1    Moreover, under both the ISL and DSL, post-conviction conduct credit applies only after

2    an inmate is found suitable for parole. *Stanworth*, 187 Cal.3d at 183-186. Accordingly, any

3    alleged statutory right to post-conviction conduct credit is irrelevant because Chavez has not yet

4    been found suitable for parole. Because there is no Supreme Court law requiring that the ISL (or

5    DSL) applies to Chavez's murder offense, or that he is entitled to post-conviction conduct credit

6    before he is found suitable for parole, Chavez cannot prove he is entitled to relief.

7           **5.     Chavez cannot show that the state courts acted contrary to clearly**
                    **established Supreme Court law regarding Chavez's claim that**

8                        **Proposition 89 violates his ex post facto rights.**

9        Chavez erroneously argues that Proposition 89 — which entitles the Governor to review

10    convicted murderers for parole under California Penal Code section 3041.2 — violates his ex

11    post facto rights. (Petn. at 6n-6o.) Chavez's claim lacks merit because the United States

12    Supreme Court has never specifically addressed this issue. *But see, e.g., Cal. Dept. of Corr. &*

13    *Rehab. v. Morales*, 514 U.S. 499, 509 (1995) (California statute amending parole procedures to

14    allow Board to decrease frequency of parole suitability hearings under certain circumstances did

15    not violate ex post facto clause). Moreover, Chavez's claim is not ripe for review because the

16    Governor has never reviewed the Board's 2006 decision. Finally, this claim has already been

17    addressed and rejected by the Ninth Circuit.

18        Here, Chavez is challenging the Board's — not the Governor's — 2006 decision to deny

19    him parole. Indeed, the Governor has not reviewed the Board's 2006 decision. To the extent

20    Chavez is challenging an anticipatory action that the Governor may not ever take, such a claim is

21    improper because an inmate may not seek habeas corpus relief to challenge the validity of an

22    anticipated future action. *See Ex Parte Rockwell*, 75 F.Supp. 702 (1948). Accordingly, because

23    the Governor has not reviewed Chavez's 2006 denial and because the Supreme Court has never

24    addressed this issue, Chavez's claim should be denied.

25        Moreover, Chavez's claim that Proposition 89 violates his ex post facto rights has

26    already been addressed and rejected by the Ninth Circuit. The Ninth Circuit has held that

27    gubernatorial review of the Board's parole grants under the California Constitution, Article V,

28    ///

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.          *Chavez v. Curry*
                                                                     C-07-5014 PJH

1    Section 8(b) does not violate the Ex Post Facto Clause of the federal Constitution. *Johnson v.*

2    *Gomez*, 92 F.3d 964, 967 (9th Cir. 1996). Thus, Chavez's ex post facto claim is without merit

3    and as to this claim, his Petition should be denied.

4                                                **CONCLUSION**

5         Chavez received all process he was due under clearly established Supreme Court

6    authority. Moreover, the record reflects that the Board's decision was supported by some

7    evidence. Thus, the state courts' adjudication of Chavez's claims was not contrary to, nor did it

8    involve an unreasonable application of, clearly established federal law, or an unreasonable

9    determination of the facts. Accordingly, Chavez's Petition should be denied.

10

11         Dated: April 11, 2008
                                        Respectfully submitted,

12                                      EDMUND G. BROWN JR.
                                        Attorney General of the State of California

13                                      DANE R. GILLETTE
                                        Chief Assistant Attorney General

14                                      JULIE L. GARLAND
15                                      Senior Assistant Attorney General

16                                      ANYA M. BINSACCA
                                        Supervising Deputy Attorney General

17

18

19                                      AMANDA J. MURRAY
20                                      Deputy Attorney General
                                        Attorneys for Respondent

21

22       40226613.wpd
23       SF2008400296

24

25

26

27

28

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                    *Chavez v. Curry*
                                                                            C-07-5014 PJH

                                            16

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Chavez v. Curry**

No.:          **C-07-5014 PJH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 15, 2008</u>, I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES (W/EXHIBITS A-G)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Santos Chavez
C-87968
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
        *In Pro Per*
        *C-87968*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 15, 2008, at San Francisco, California.

| | |
|---|---|
| S. Redd | *(signature)* |
| Declarant | Signature |

40241620.wpd