# EXHIBIT  E

**REC'D CLS DOCKETING**
**NOEMI**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | MAY 4, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004075
In re,
SANTOS CHAVEZ,
            Petitioner,
    On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings:  ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed on June 19, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings (" Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received in the Department of Corrections on June 22, 1984 after a conviction for second-degree murder. He was sentenced to seventeen years to life. His minimum parole eligibility date was March 7, 1993. The record reflects that on July 24, 1983, petitioner and a co-defendant drove to the territory of a rival gang. Petitioner was armed with a shotgun; his crime partner was armed with a rifle. They fired several shots at members of a rival gang. One man believed to be an innocent bystander was killed. Two gang members were injured. There was return fire that damaged petitioner's car. At that point, petitioner and his partner drove off. Petitioner contends that the shooting was retaliation for an attempted attack on his pregnant wife.

The Board found petitioner unsuitable for parole after a parole consideration hearing held on February 9, 2006. Petitioner was denied parole for one year. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including his commitment offense.

The record reflects that there is some evidence that "multiple victims were attacked, injured or killed in the same or separate incidents." (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(A).) Petitioner killed one person, injured two more and could have harmed several others as he fired several shots into a crowd of people. The Board also found that the fact that petitioner was unconcerned about how many people were hurt or killed, indicated, "the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering." (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(D).)

The Board was concerned about the inconsistencies in petitioner's version of the facts of the case. Where guilt is uncontested, Petitioner's version of the events may be "some evidence" he lacks remorse and understanding of the nature and magnitude of the offense. (*In re McClendon* (2004) 113 Cal.App.4th 315, 322.) At the hearing, the Deputy District Attorney pointed out that according to an early police report, petitioner initially did not mention the attack on his wife. At that time, he claimed that as he and his co-defendant were

1

| Minutes Entered |
|---|
| 05-04-07 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**DEPT 100**

| Date: | MAY 4, 2007 | | | | |
|---|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | | Deputy Clerk |
| | NONE | Bailiff | NONE | | Reporter |

(Parties and Counsel checked if present)

BH004075
In re,
SANTOS CHAVEZ,
          Petitioner,
          On Habeas Corpus

Counsel for Respondent:

driving to his father's house through rival gang territory, they passed at group of people on the sidewalk. When one of them threw a bottle at his car, his co-defendant fired a rifle at them. (*Reporter's Transcript*, February 9, 2006, pp. 91-92.) Although the reports indicated that the victim who was killed was an innocent bystander who was not a gang member, petitioner claimed at the hearing that the victim was not only a gang member but also one of the men who accosted his wife. (*Id.* at 20, 114.) The Board denied parole for one year in order to resolve the inconsistencies in his story and erase the "lingering doubts" about his remorse and understanding of the nature and magnitude of the crime. (*Id.* at 116.) There is some evidence to support the Board's decision.

      Accordingly, the petition is denied.

      The court order is signed and filed this date. The clerk is directed to give notice.

      A true copy of this minute order is sent via U.S. Mail to the following parties:

Santos Chavez
C-87968
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689


Department of Justice
Office of the Attorney General of the State of California
Gregory J. Marcot, Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101

Minutes Entered
05-04-07
County Clerk

**FILED**

LOS ANGELES SUPERIOR COURT

JUL 2 3 2007

JOHN A. CLARKE, CLERK

BY _Joseph M. Pulido_
JOSEPH M. PULIDO, DEPUTY

253219

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re | Case No.: BH004075 |
| SANTOS CHAVEZ., | ORDER RE: WRIT OF HABEAS CORPUS |
| Petitioner, | |
| On Habeas Corpus | |

It appears this Court's order dated June 15, 2007 requesting an additional copy of petitioner's writ of habeas corpus was issued as a result of clerical inadvertence and/or error. Petitioner's writ was denied on May 4, 2007 and petitioner's Request to Amend and Supplement Petition filed on May 21, 2007 was denied as moot.

As a result, the order issued on June 15, 2007 is vacated.

Dated: __7/23/07__

_____
STEVEN VAN SICKLEN
Judge of the Superior Court

The clerk is to give notice.

1

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br>COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA 90012<br>PLAINTIFF/PETITIONER:<br><br>SANTOS CHAVEZ | Reserved for Clerk's Filed Stamp<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br>JUL 2 7 2007<br>JOHN A. CLARKE, CLERK<br>BY *Joseph M. Pulido*<br>DEPUTY<br>Joseph M. Pulido |
|---|---|
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br>BH004075 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

- [ ] Order Extending Time
- [ ] Order to Show Cause
- [ ] Order for Informal Response
- [ ] Order for Supplemental Pleading
- [✓] Order re: Writ of Habeas Corpus
- [ ] Order
- [ ] Order re:
- [ ] Copy of  Petition for Writ of Habeas Corpus for the Attorney General

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to the cause.  I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

JUL 2 7 2007

DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: *Joseph M. Pulido*           , Clerk
      Joseph M. Pulido

Santos Chavez
C-87968
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689

Department of Justice
Office of the Attorney General of the State of
California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms. Cynthia Lumely

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | JULY 23, 2007 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 004075

In re,
SANTOS CHAVEZ,
      Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

It appears this Court's order dated June 15, 2007 requesting an additional copy of petitioner's writ of habeas corpus was issued as a result of clerical inadvertence and/or error. Petitioner's writ was denied on May 4, 2007 and petitioner's Request to Amend and Supplement Petition filed on May 21, 2007 was denied as moot.

As a result, the order issued on June 15, 2007 is vacated.

The court order is signed and filed this date. The clerk is directed to send notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Santos Chavez
C-87968
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms. Cynthia Lumely

1

| Minutes Entered |
|---|
| 07-23-07 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | |
|---|---|---|---|
| Date: | JUNE 15, 2007 | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 004075
In re,
SANTOS CHAVEZ,
      Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court acknowledges the receipt of the Writ of Habeas Corpus filed on May 21, 2007.

Due to the enormous number of Writ petitions now on file with this Court, the Court requires additional time to process each petition. Accordingly, the Court, on its own motion, is extending time to rule on the Writ of Habeas Corpus pursuant to Cal. Rules of Court, rule 4.551(h).

The Court hereby orders the time for ruling on petitioner's Writ of Habeas Corpus extended to December 27, 2007.

According to the petition, a copy of the petition was served on the Office of the Attorney General (Sacramento) on June 12, 2007.

The court order is signed and filed this date. The clerk is directed to give notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Santos Chavez
C-87968
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms. Cynthia Lumely

1

Minutes Entered
06-15-07
County Clerk

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 0 4 2007

JOHN A. CLARKE, CLERK

BY _Joseph M. Pulido_

DEPUTY

JOSEPH M. PULIDO, S.C.C.
233219

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

In re,                                    ) Case No.: BH004075
                                          ) ORDER RE: WRIT OF HABEAS CORPUS
SANTOS CHAVEZ,                            )
                                          )
            Petitioner,                   )
                                          )
        On Habeas Corpus                  )
                                          )
                                          )
_____  )

    The Court has read and considered petitioner's Writ of Habeas Corpus filed on June 19, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; _In re Rosenkrantz_ (2002) 29 Cal.4th 616, 667 (hereafter _Rosenkrantz_).)

    Petitioner was received in the Department of Corrections on June 22, 1984 after a conviction for second-degree murder. He was sentenced to seventeen years to life. His minimum parole eligibility date was March 7, 1993. The record reflects that on July 24, 1983, petitioner and a co-defendant drove to the territory of a rival gang. Petitioner was armed with a shotgun; his crime partner was armed with a rifle. They fired several shots at members of a rival gang. One man believed to be an innocent bystander was killed. Two gang members were injured. There was return fire that damaged petitioner's car. At that point, petitioner and his

ep                                        1

1  partner drove off.  Petitioner contends that the shooting was retaliation for an attempted attack on

2  his pregnant wife.

3       The Board found petitioner unsuitable for parole after a parole consideration hearing held

4  on February 9, 2006.  Petitioner was denied parole for one year. The Board concluded that

5  petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society

6  and a threat to public safety.  The Board based its decision on several factors, including his

7  commitment offense.

8       The record reflects that there is some evidence that "multiple victims were attacked,

9  injured or killed in the same or separate incidents."  (Cal. Code Regs., tit. 15, §2402, subd.

10  (c)(1)(A).)  Petitioner killed one person, injured two more and could have harmed several others

11  as he fired several shots into a crowd of people.  The Board also found that the fact that petitioner

12  was unconcerned about how many people were hurt or killed, indicated, "the offense was carried

13  out in a manner which demonstrates an exceptionally callous disregard for human suffering."

14  (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(D).)

15       The Board was concerned about the inconsistencies in petitioner's version  of the facts of

16  the case.  Where guilt is uncontested, Petitioner's version of the events may be "some evidence"

17  he lacks remorse and understanding of the nature and magnitude of the offense. (*In re*

18  *McClendon* (2004) 113 Cal.App.4[th] 315, 322.)  At the hearing, the Deputy District Attorney

19  pointed out that according to an early police report, petitioner initially did not mention the attack

20  on his wife.  At that time, he claimed that as he and his co-defendant were driving to his father's

21  house through rival gang territory, they passed at group of people on the sidewalk.  When one of

22  them threw a bottle at his car, his co-defendant fired a rifle at them. (*Reporter's Transcript*,

23  February 9, 2006, pp. 91-92.)  Although the reports indicated that the victim who was killed was

24  an innocent bystander who was not a gang member, petitioner claimed at the hearing that the

25  victim was not only a gang member but also one of the men who accosted his wife. (*Id.* at 20,

26  114.)  The Board denied parole for one year in order to resolve the inconsistencies in his story

27  //

28  //

ep                                    2

and erase the "lingering doubts" about his remorse and understanding of the nature and

magnitude of the crime. (*Id.* at 116.)  There is some evidence to support the Board's decision.

Accordingly, the petition is denied.

Dated: ___5/4/07___                    _____

                                       STEVEN VAN SICKLEN
                                       Judge of the Superior Court

Clerk to give notice.



1

**Send copy of order to:**
Department of Justice – State of California
2   Office of the Attorney General
Gregory J. Marcot, Deputy Attorney General
3   110 West A Street, Suite 1100
San Diego, CA 92101

4

Santos Chavez
5   P.O. Box 689
Soledad, CA  93960-0689
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ep                                          4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| Date: | MAY 4, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004075
In re,
SANTOS CHAVEZ,
        Petitioner,
On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings:  ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed on June 19, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings (" Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received in the Department of Corrections on June 22, 1984 after a conviction for second-degree murder. He was sentenced to seventeen years to life. His minimum parole eligibility date was March 7, 1993. The record reflects that on July 24, 1983, petitioner and a co-defendant drove to the territory of a rival gang. Petitioner was armed with a shotgun; his crime partner was armed with a rifle. They fired several shots at members of a rival gang. One man believed to be an innocent bystander was killed. Two gang members were injured. There was return fire that damaged petitioner's car. At that point, petitioner and his partner drove off. Petitioner contends that the shooting was retaliation for an attempted attack on his pregnant wife.

The Board found petitioner unsuitable for parole after a parole consideration hearing held on February 9, 2006. Petitioner was denied parole for one year. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including his commitment offense.

The record reflects that there is some evidence that "multiple victims were attacked, injured or killed in the same or separate incidents." (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(A).) Petitioner killed one person, injured two more and could have harmed several others as he fired several shots into a crowd of people. The Board also found that the fact that petitioner was unconcerned about how many people were hurt or killed, indicated, "the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering." (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(D).)

The Board was concerned about the inconsistencies in petitioner's version  of the facts of the case. Where guilt is uncontested, Petitioner's version of the events may be "some evidence" he lacks remorse and understanding of the nature and magnitude of the offense. (*In re McClendon* (2004) 113 Cal.App.4th 315, 322.) At the hearing, the Deputy District Attorney pointed out that according to an early police report, petitioner initially did not mention the attack on his wife. At that time, he claimed that as he and his co-defendant were

1

| Minutes Entered |
|---|
| 05-04-07 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | MAY 4, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

| | | (Parties and Counsel checked if present) | |
|---|---|---|---|
| | BH004075 In re, SANTOS CHAVEZ, Petitioner, On Habeas Corpus | Counsel for Respondent: | |

driving to his father's house through rival gang territory, they passed at group of people on the sidewalk. When one of them threw a bottle at his car, his co-defendant fired a rifle at them. (*Reporter's Transcript*, February 9, 2006, pp. 91-92.) Although the reports indicated that the victim who was killed was an innocent bystander who was not a gang member, petitioner claimed at the hearing that the victim was not only a gang member but also one of the men who accosted his wife. (*Id.* at 20, 114.) The Board denied parole for one year in order to resolve the inconsistencies in his story and erase the "lingering doubts" about his remorse and understanding of the nature and magnitude of the crime. (*Id.* at 116.) There is some evidence to support the Board's decision.

Accordingly, the petition is denied.

The court order is signed and filed this date. The clerk is directed to give notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Santos Chavez
C-87968
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Department of Justice
Office of the Attorney General of the State of California
Gregory J. Marcot, Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101

2

Name  Santos Chavez

Address  P.O. Box 689

Soledad, CA 93960-0689

CDC or ID Number  C-87968

**FILED**

Los Angeles Superior Court

JUN 19 2006

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

*(Court)*

---

SANTOS CHAVEZ

Petitioner

vs.

Board of Parole Hearing, et. Al.

Respondent

---

PETITION FOR WRIT OF HABEAS CORPUS

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

---

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC 271 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.
Cal Rules of Court, rules 56.5, 201(h)

This petition concerns:

| | |
|---|---|
| ☐ A conviction | ☒☒☒ Parole |
| ☐ A sentence | ☐ Credits |
| ☐ Jail or prison conditions | ☐ Prison discipline |
| ☐ Other (specify): _____ | |

1. Your name:  Santos Chavez

2. Where are you incarcerated?  Correctional Training Facitilt - East Drom

3. Why are you in custody?  ☒☒ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   One count - Second Degree Murder, and use of firearm.

b. Penal or other code sections:  187, 12022.5

c. Name and location of sentencing or committing court:  Los Angeles Superior Court - Dept. 130

d. Case number:  A382607

e. Date convicted or committed:  May 23, 1984

f. Date sentenced:  June 12, 1984

g. Length of sentence:  17 to life

h. When do you expect to be released?  Expected release 12/07/97

i. Were you represented by counsel in the trial court?  ☒☒ Yes.  ☐ No.  If yes, state the attorney's name and address:
   Mitchell Egers W.  205 S. Broadway #209  L.A. CA 90012-3607

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty  ☒☒ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

**GROUND ONE:**

Decision that petitioner is unsuitable for parole is not justified when the "record" does not support petitioner currently poses an unreasonable threat to "Public Safety".

The Board of Parole Hearings (hereafter Board) denied parole finding the circumstances of the **commitment** offense justified a finding that petitioner would pose a unreasonable risk of danger to public safety (Ex A pg 111-126).

The Board used dismissed counts, police reports, and were even uncertain about the offense itself Id. pg 116, Board Commissioner Julien explained, it all becomes very confusing...what the heck happened...until we're a 100%...we have to be 100% sure. Judicial notice must be taken that no Court decision has ever held that the facts of a case have to detailed to a 100% certainty prior to parole. Nor did the state high court hold that the Board needed to be 100% certain of the degree of the offense. The Law is clear, the "Board" must cite to the evidence they found to deny parole. How is that standard met, when the Board is confused?

What ever the feelings of the Board or this Court, the Law in California is "Clear", Police reports are not part of the record of conviction, <u>Draeger v. Reed</u> 69 C.A.4th 1511. Therefore all references to police reports in the transcripts are not evidence and must be stricken. During parole hearings, "evidence" must have "indicia of reliability" <u>Biggs</u>, 334 F.3d at 915, "some evidence" standard is only met, if the "evidence" is reliable, in the "record", and supports the "record" <u>Powell v. Gomez</u>, 33 F.3d 39, 40, <u>Cato v. Rushen</u>, 824 F.2d 703, 705 and <u>Hill</u>, 472 US 455-456.

The only evidence the Board is allowed to use is the reliable evidence presented at and found true by the judge or jury.

In the present case, petitioner entered into a plea agreement of second

3

degree murder (Ex C) with use of a firearm. "All remaining counts were dismissed. California Law, Penal Code 1192.2 mandates that a defendant cannot be punished for a higher degree of crime or attempted crime than the degree specified and plea to.

When, as here, a guilty plea is entered in exchange for specified benefits, such as dismissal of other counts and degree of crime, "both" parties, including the "State" must "abide" by the terms of the agreement, In re Jermaine B, 69 C.A.4th 634, review was denied. The People will be held strictly to terms of plea bargain People v. Velasquez, 69 C.A.4th 503.

Unless this Court wishes to allow petitioner to withdraw his plea, in-order to be fair, this court must hold the state to the terms of "their" agreement.

Petitioner is "not" basing this filing on any "subjective" test, the record shows, the state offered a plea to second degree murder, dropping all other charges, petitioner plead guilty to second degree murder, no facts were discussed, as to be admitted, or proven. Petitioner cannot lawfully be denied parole by the Board claiming that his offense is now beyond the elements to sustain a conviction of second degree murder, as explained California Law does not allow this, when as here, the plea was for a specified degree.

This court can either serve "justice" order a show cause, appoint counsel and address this plea agreement and contract law in regards to parole hearings, or can make a decision not supported by Law.

The factor statutorily required to be considered, and the overarching consideration, is "Public Safety". In re Scott, 133 Cal.App.4th 573, making the Scott, decision the current legal means to guide us through the haze of Board decisions. The commitment offense can negate suitability only if circumstances of the crime "reliably" established by "evidence" in the

4

"record" rationally indicate that the offender will present an unreasonable public safety risk if released from prison.  Yet, the predictive value of the commitment offense may be very questionable after a long period of time. Thus, "denial" of release solely on the basis of the gravity of the commitment offense "warrants" especially close scrutiny.

In the instant case however, petitioner entered into a plea agreement for the specific crime of "second" degree murder, "no" circumstances of the offense itself were part of the plea, or admitted.

The plea is for "second" degree murder, "all" other charges "dismissed" no facts discussed or proven, the sixth amendment does not allow dispensing with a jury trial because a defendant is guilty, anymore than uncross-examined, unconfronted "evidence" is reliable because some Board used it, Crawford v. Washington, 2004 DJDAR 2949. The high court also found in Crawford: "The Confrontation Clause commands that "reliability" be assessed in a particular manner: BY TESTING IN THE CRUCIBLE OF CROSS-EXAMINATION".  In this light, is the Boards decision supported by "some evidence" in the "record"?  No. A finding otherwise would be contrary to the US Supreme Court. Notwithstanding a conviction for "Second" degree murder, does the Board's "record" contain "some evidence" that petitioner poses an unreasonable risk to "Public Safety"?  No.

PETITIONER'S OFFENSE

As set forth in the plea agreement, petitioner plead guilty to "second" degree murder, no elements were plead to beyond the minimum necessary for the conviction, and "none" can now be alleged to deny parole.

The California Court of Appeals granted a habeas petition for parole release in In re Shaputis, 37 Cal.Rptr.2d 324, finding a crime with prior's of getting drunk, beating a wife numerous times, and then getting drunk beating a

4(a)

wife to an end where <u>Shaputis</u> retrieved his gun and shot his wife in the neck, killing her, was "not" evidence of a "especially cruel, callous, or dispassionate murder".

What "evidence" did the prosecutor use and petitioner admit, during the plea agreement, that is beyond the minimum necessary to sustain a conviction, to support a denial under <u>Rosenkrantz</u> and <u>Dannenberg</u>? None. Read the Guilty plea Ex C.

### PETITIONERS REHABILITATION

The Board found petitioner to meet all other suitability factors (Ex A pg 113: "in terms of your institutional behavior, you do have an excellent record, as I mentioned of programming. You do seem to have participated in as many self-help and therapy programs as we could've asked you to do. And you do have a - think it's three or four vocations." "in terms of parole plans, you do have viable parole plans.

### PSYCHIATRIC EVALUATION

The Board discussed (Ex A pg 71 to 79) the Psych reports, those reports conclude that petitioner is a stable candidate for parole Id. pg 78.

### PETITIONER'S SOCIAL RELATIONSHIPS

Petitioner has social skills, social relationships, he is married, his current wife's family supports his parole and his stepfather (retired L.A.P.D. police officer) supports parole, with place to live and job offer, all discussed during hearing (Ex A). In <u>Shaputis</u>, supra declares a history of unstable social history is one who cannot form any relationships.

### SUBSTANCE ABUSE

None present in the instant case, but if or when there is "some evidence" of past substance abuse, the test is what "evidence" of substance abuse after the offense itself. Current Law holds:  Reliance on conduct prior to

4(b)

imprisonment to justify denial of parole can be initially justified as fulfilling the requirements set forth by state law.  But, where inmate over time continues to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole date simply because of the nature of prior conduct would raise serious questions involving his liberty in parole; Shaputis supra; In re Smith, 114 Cal.App.4th 372; Biggs, v. Terhune, 334 F.3d 916; Irons v. Warden, 358 F.Supp.2d. 947 - fn.2.

There is "no evidence" in petitioners case of any substance abuse prior to, or after the offense, or the past 22 years of prison incarceration.

### UNSUITABILITY

The facts or details of petitioner's offense are not part of the "record" were not part of the plea agreement, and cannot be used to support a finding under PC 3041(b).  California Law prohibits increased punishment when, as here, the degree of crime is specified in the plea PC 1192.2.  The Boards reliance on, or the courts use of Dannenberg to say that the Board can find unsuitable because of the crime is a higher degree then plea to would be a violation of Ex Post Facto Clause, any "law" (3041(b)) that aggravates a crime, or makes it greater than it was, when committed, or in this case plea to, Stogner v. California, 2003 DJDAR 6989.

Therefore, "no evidence" can be found in the "record" to support a finding that petitioner currently poses a threat to "Public Safety" if released on parole.  The Board failed to consider all substantial evidence showing petitioner is no longer a risk to "Public Safety" and therefore suitable for release on parole, which both In re Scott, 2004 DJDAR 7512 and In re Scott, 2005 DJDAR 12450 mandate.

GROUND TWO:

Petitioner's MAXIMUM ELIGIBLE PAROLE DATE minus preconfinement and "vested" credits has been set at December 07, 1997 (12/07/97) (see Exhibit B sec. B. ln. 4.) making his confinement unlawful.

Petitioner expected to be released on December 07, 1997, the maximum eligible parole date the authorities established (see Id.).  PC § 3040 et seg., provides power for the Board to review, the Governor to ask for review, and after ninety (90) days pass, the Governor has an additional 30 days in which revoke this date.  There is "no evidence" in any "record" showing "any" of these actions took place.  Nor is there "any evidence" of postponing or rescinding hearings ever being held.  The state can have the opportunity to prove otherwise by this court ordering a show cause, appointing counsel, because habeas corpus is the proper means to obtain a declaration of maximum term In re Montenegro, 246 C.A.2d. 515.

This document (Ex B) establishes petitioner's maximum parole date, December 07, 1997 and minimum parole date, Id. Sec. E. March 07, 1993 (03/07/93) both being actual release dates under California Law PC 3041(a).

The Board could release prior to the maximum date if they chose to do so, but in any event petitioner was to be released upon expiration of the maximum date, mandated by the California Supreme Court in In re Dannenberg, 23 Cal.Rptr.3d. 417, 435-436.

The lawful duties of Board and Prison personal allow such maximum parole date setting, PC §2081.5:  Director shall appoint, after consultation with the Board, such employees of the various institutions under his control as may be necessary for the proper performance of the duties of the Board.  PC §5003.5: Director is empowered to advise the Board on matters of specific policies and procedures. CDCR Operations Manual §71010.4: Case Records staff, Shall analyze

inmate legal status to determine crime and sentence with applicable
enhancements, aggravations, limitations, and good behavior credits; compute
parole and discharge dates; direct preparation for legal forms.  Regulation
promulgated by Director of Corrections is "LAW" within meaning of PC §5058
authorizing statue, Hartzell v. Connell, 35 C.3d 899.

The record is clear, petitioners minimum eligible parole date was fixed
at March 07, 1993 and his maximum eligible parole date was fixed at December
07, 1997 the Board could have paroled him anywhere in between those two dates.

The California Supreme Court mandated in Dannenberg, supra petitioner to
release on parole upon the expiration of his maximum release date.


GROUND THREE:

Petitioner's due process rights under the 5th & 14th Amend. of the US
Const. were violated at his February 9, 2006 subsequent parole consideration
hearing (EX A) by the Board's continued use of unchanging factors.

The Board stated: "we were very favorably impressed with you" Id. 111
ln. 10-11, their decision to deny parole relied on the **sole** factor that will
**never** change, the commitment offense (Id. 111-126).  Petitioner has had Eight
(8) hearings 2/9/06, 7/28/04, 3/20/03, 3/07/01, 5/19/98, 5/21/96, 2/24/94,
2/20/92 at each the crime was used (which will never change) to deny parole in
violation of petitioner protected liberty interest for parole.

The mandatory language in California Penal Code (PC) 3041, imposes a
obligation to grant parole when certain conditions have been met, thus
creating a legally binding protected liberty interest in parole, a presumption
that parole release will be granted; McQuillon v. Duncan, 306 F.3d. 901-2;
Biggs v. Terhume, 334 F.3d. 914; Irons v. Warden, 358 F.Supp.2d. 936.  The
evidence, found by the Board itself, shows petitioner has met all conditions

of rehabilitation espoused by the prison system (EX A).

In <u>Biggs</u>, the court said the Board was "initially justified" in denying parole based on the commitment offense or criminal history. The court warned that continued use of those factors at subsequent parole hearings would "run contrary to the rehabilitative goals espoused by the prison system" resulting in a constitutional due process violation. Also denials in face of exemplary behavior and overwhelming evidence of rehabilitation violates an inmate's liberty interest in parole.

The US Supreme Court found: "the behavior record of an inmate during confinement is critical in determining the degree the inmate is prepared to adjust to parole release" <u>Greenholtz v. Inmates of Nebraska</u>, 442 U.S. 15.

In <u>Irons</u>, the court found:  In assessing any due process violation is the fact that continued reliance on unchanging circumstances transforms an offense for which California Law provides eligibility for parole into a de facto life imprisonment without parole.

The case Law of <u>McQuillon</u>, <u>Biggs</u>, <u>Irons</u>, and <u>Greenholtz</u> hold that states can (and California did) create an enforceable liberty interest in parole through their "unique structure and language" in the parole statue PC 3041.

Petitioner has been denied parole at (8) hearings, petitioner is challenging the denial at his last hearing, February 9, 2006 based on the gravity of the commitment offense, this denial of parole at his 8th subsequent parole hearing on the unchanging factor of the offense is unconstitutional requiring petitioner to be released on parole.

**GROUND FOUR:**

The Board failed to consider CDCR'S assessment that petitioner's commitment offense was "Not Unusually Violent" by taking an opposite and inconsistent position that the offense was "Particularly Egregious" in relation to "Public Safety" such an act violates petitioner's right to Due Process during the hearing under both STATE and FEDERAL LAW.

Petitioner's commitment offense was analyzed by CDCR **many years** prior to his first parole consideration hearing. The CDCR classification panel's goal in assessing petitioner's crime is his risk to "Public Safety" (same as the Board's) prior to placement in a level II prison. This placement constitutes "some evidence" that CDCR found the gravity of petitioner's commitment offense to be "not unusually violent".

Petitioner is housed at Correctional Training Facility II (CTF II) East Dormitory a Level I-II housing unit, designed for non-violent, programming, working individuals, (petitioner is working in PIA furniture factory) such inmate's are considered "low risk" and "non-violent" <u>Johnson v. California</u>, 321 F.3d 791, 795, as testified to by prison administrators.

California Code of Regulations (CCR) § 3375 (b), mandates "Public Safety" be considered during classification hearings. Common sense, those inmates, who commit "particularly egregious" acts threaten "Public Safety". Each following year, the inmate is re-assessed for accurate facility placement (CCR) § 3376 (c)(2)(A). The Departmental Review Board (DBR), acting on behave of the Director of Corrections, conducts final review (CCR) § 3376.1 (d)(3) to ensure placement of the inmate in a Level II prison does **not** pose a "threat" to "Public Safety".

Regulations mandate that "Inmates" serving a "Life" term CANNOT be housed in a "Level I or II" facility (CCR § 3375.2 (a)(7)) if ANY of the following

4 (g)

case factors apply.  **Multiple Murders:**  The killing of more than one victim.
**Unusual Violence:**  Torture or the victim endured great pain & suffering.
**Execution-Type Murder:** Victim was bound, cuffed, gagged, blindfolded or forced
to assume a position they could not resist of flee and shot at close range.
**High Notoriety:**  The inmate would cause a unusual risk of public panic if he
escaped, the public panic is based upon the **nature** or **circumstance** of the
**Inmate's Crime, criminal history, behavior in custody.**  Definitions taken from
CCR § 3000 under same name.

CDCR found "no evidence" of the above factors present in petitioner's
commitment offense.  Due process requires the Corrections Classification
Decisions be supported by "some evidence" In re Wilson 202 Cal.App.3.d 661,
666-7; Superintendent v. Hill, 472 U.S. 445, standard used for Board findings.

The Board cannot be allowed to reclassify petitioner's crime in order to
justify the use of the words "especially heinous, atrocious or cruel manner"
when they use the same case factors i.e. "Multiple Victims" "Execution-Style
Murder" "Victim Abused-Defiled-Mutilated" or "An exceptionally callous
disregard for human suffering" (CCR) § 2403, in evaluating the gravity of the
commitment offense as does CDCR.

The goal of CDCR is to rehabilitate the offender while protecting the
"Public" the goal of the Board is to set parole dates, PC 3041(a).  Both are
administrative proceedings which are Quasi-Judicial Cazajkowski v. City of
Chicago, Ill., 810 F.Supp. 1428.  Both determine factors of a commitment
offense to see if the offense is especially heinous, atrocious, or cruel,
i.e. "Unusually Violent" or "Particularly Egregious".

Clearly the Board should be "Judicial Estopped" from taking a contrary
position than their governing body.  The California Supreme Court found the
Board is an **arm** of the CDCR In re Dannenberg, 23 Cal.Rptr.3d. 440.  When CDCR

4(h)

found "no evidence" the offense was "particularly egregious" by finding no
"unusual violence" the Board's denial of parole fails <u>In re Dannenberg</u>, 23
Cal.Rptr.3d. 417; <u>In re Rosenkrantz</u>, 29 Cal.4th 616.

 Doctrine of Judicial Estoppel, is a preclusion of inconsistent positions,
is invoked to prevent parties from changing its position when the change has
adverse impact on judicial process.  See <u>Yniquez v. State of Ariz.</u>, 939 F.2d
727; <u>Rissetto v. Plumbers and Steamfitters Local 343</u>, 94 F.3d 597; <u>Cal-Almond,
Inc. v. Department of Agriculture</u>, 67 F.3d. 874, cert. denied 519 U.S. 819;
<u>Data General Corp. v. Johnson</u>, 78 F.3d. 1556; <u>Kennedy v. Applause, Inc.</u>, 90
F.3d 1477; <u>U.S. v. Garcia</u>, 37 F.3d. 1359, cert. denied 514 U.S. 1067; <u>Morris
v. State of Cal.</u>, 966 F.2d. 448 cert. denied <u>Cal. v. Morris</u>, 506 U.S. 831.

 When a governing body takes a certain position in assessing punishment
for an offense, Double Jeopardy Clause of the U.S. Const. attaches, and
estoppel applies <u>Ashe v. Swenson</u>, 397 U.S. 436.  The 5th amend. is applicable
to the state through the 14th amend. <u>Chambers v. Florida</u>, 309 U.S. 227.

 Petitioner has a right to believe the finding that his commitment offense
was **not** "Unusually Violent" prevents the offense to be later elevated to one
of "Particularly Egregious" this government activity violates petitioners
protected right to be judge fairly <u>Hampton v. U.S.</u>, 425 U.S. 484.

 Clearly the Board is taking a opposite position than the CDCR, motive
excuse to deny parole, estoppel is the only means to prevent the Board from
taking a contrary position of the commitment offense which CDCR decided,
<u>Benton v. Maryland</u>, 395 U.S. 784; <u>Harris v. Oklahoma</u>, 433 U.S. 682.

 Fundamental fairness requires governing bodies to abide by their decision
with respect to Federal Law, State Law, State Regulations.  When petitioner
presents himself in front of the Board he believes the gravity of his
commitment offense under PC 3041(b) has been settled.  He prepared himself for

parole through rehabilitation.  He finds no precedent that requires his to mount a defense to different findings of the gravity of his offense.

Facts are clear, the Board is denying petitioner parole based on the gravity of his commitment offense, which CDCR determined to be **not** "particularly egregious" the Board has never objected to this finding, therefore estoppel is justified.

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result: _____    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:  (1) _____

   (2) _____

   (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.    If yes, give the following information:

   a. Result: _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:  (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   Issues not ripe at time of appeal

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   Board of Parole Hearings has no administrative review

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   [XX] Yes. If yes, continue with number 13.   [ ] No. If no, skip to number 15.

13. a. (1) Name of court:  Los Angeles Cuperior Court

   (2) Nature of proceeding (for example, "habeas corpus petition"):  Motion for release

   (3) Issues raised:  (a)  Violation of plea agreement.

      (b) _____

   (4) Result (Attach order or explain why unavailable):  Denied ,  order  lost

   (5) Date of decision:  May 9, 2006

b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised:  (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
      None held

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
      No delay Board decision was not final until June 9, 2006

16. Are you presently represented by counsel?   [ ] Yes.   [XX] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?   [XX] Yes.   [ ] No. If yes, explain:
      Notice of appeal filed against denial of motion for release.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

      N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:  6.12.06

(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]          PETITION FOR WRIT OF HABEAS CORPUS          Page six of six

EXHIBIT "A"