Santos Chavez
C-87968  ED-178-Up
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
Pro Se



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANTOS CHAVEZ, | Case No. C-07-5014 PJH |
| Petitioner, | **TRAVERSE TO RESPONDENT'S ANSWER TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS: MEMORANDUM OF AUTHORITIES.** |
| v. | |
| BEN CURRY, Warden (A), et al., | |
| Respondent. | |

E-filing

INTRODUCTION

On September 27, 2007, Petitioner, Santos Chavez, filed a Petition for Writ of Habeas Corpus in this Court challenging the February 9, 2006 Board of Parole Hearings decision to deny his parole.

On January 17, 2008, this Court ordered Respondent to Answer Petitioner's Petition for Writ of Habeas Corpus, within sixty days (60) days, Ordering an Answer to the following grounds raised by Petitioner for federal habeas relief: (1) use of the dismissed charges against him as grounds to deny parole violated his plea agreement; (2) police reports about the offense to which petitioner pled guilty are not reliable, so the facts contained in those reports, if not confirmed at the plea proceeding, cannot be "some evidence" to support denial of parole; (3) failure to meet one of the suitability factors is not enough to constitute "some evidence"; (4) the indeterminate sentencing law unconstitutionally deprives him of his statutory right to good time; (5) there was not "some evidence" that petitioner would be a danger to the public if released; (6) the Board's use of the circumstances of his crime to deny him parole violated due process; (7) application of Proposition 89 to petitioner, who was convicted before its passage, violated his ex post facto rights.

Respondent untimely filed his answer to Petitioner's Habeas Petition on April 11, 2008. Respondent's answer was due no later than March 17, 2008, and while this Court should not consider Respondent's untimely answer, Petitioner, believing his Petition should be Granted, will Traverse Respondent's answer.

Petitioner, in Traversing Respondent's answer, asks this Court to use the less stringent standards then formal pleadings drafted by lawyers, see Haines v. Kerner, (1972) 404 U.S. 519, when reviewing Petitioner's Petition for Writ of Habeas Corpus, which Petitioner incorporates by reference as though fully set forth herein, and the following Admissions, Denials and Allegations.

TRAVERSE TO RESPONDENT'S ANSWER

Petitioner Denies the allegation in paragraph 1 of the Answer that he is lawfully in custody of the California Department of Corrections and Rehabilitation. Petitioner Admits that he was convicted of One Count of Second Degree Murder with use of a firearm and sentenced to a prison term of Fifteen Years "TO" life plus two years for the firearm use, he Denies that his custody is still lawful because he has been incarcerated for over 24 years, served his punishment of 17 years, and that nothing in his "record" supports continued incarceration to the "TO" life portion of his sentence.

Petitioner Denies the allegation in paragraph 2 of the Answer. Respondent misquotes and misrepresents the Grounds for relief raised by Petitioner, compare Respondents grounds with this Courts Order to Show Cause.

Petitioner Admits the allegations in paragraph 3 of the Answer. It must be noted that the Life Prisoner Evaluation Report cited by Respondent and used during the Parole Hearing by the Board, misquotes and misrepresents the Probation Report.

The Probation Report states: "In the late evening hours of July 24, 1982, Ronald Rivas, age 20, a marine on leave, Joaquin Lopez, age 18 and Ralph Jimenez, age 17, were standing in the front yard of 3338 Maceo Street, next door to where a baptismal celebration was being held. The "MEN" were members of or associated with the Street Gang known as "Cypress Park," and the location was know to be Gang Territory".

The police report confirms Ronald Rivas was a Cypress Park Gang Member, see Police Reports pg # 14-15. Police Reports can be found in Petitioner's Exhibits filed as part of Petitioner's Original Habeas Petition (hereafter Pet. Ex.), Exhibit B, Section 2. Thus, Respondent's claim that Ronald Rivas was a mere bystander is false, Mr. Rivas was a Gang Member.

Petitioner Denies the allegations in paragraph 4 of the Answer. While its true the Board Denied Parole and explained the denial was due to the fact Petitioner committed this crime and that the Board did not like the explanation

-2-

Petitioner gave, these Reasons to deny Parole do not support a finding that Petitioner is a "current" risk of danger to the public if released from prison.

At no time did the Board ever allege Petitioner has not completely turned his life around. Petitioner's "record" shows he has not been involved with any Gang members or that type of life style for over 24 years.

Petitioner Admitted at the time of his plea that he was guilty of this offense, for the board to claim Petitioner does not admit guilt or their "version" of guilt violates California Penal Code 5011: "the board shall not require, when setting parole dates, an admission of guilt to any crime for which an inmate was committed, see Guardado v. Perez, (2008) Case 4:05-cv-00194-CW at *14.

Petitioner Admits the allegation in paragraph 5 of the Answer. However, Los Angeles District Attorney's opposition to parole is not "some evidence" to support a decision Petitioner is a "current" threat to public safety if released.

Petitioner Admits the allegation in paragraph 6 of the Answer, however the Superior Courts decision is an unreasonable determination of the facts: There is "no evidence" "shots" were fired into a crowd of people. Nor is there "evidence" Petitioner's "version" is inconsistent with the "record" compare Petitioner's version with the sentencing hearing transcripts (Pet. EX.) Exhibit E Section 2.

Petitioner Admits the allegation in paragraphs 7 through 9 of the Answer.

Petitioner Denies the allegation in paragraphs 10 through 15 of the Answer.

Petitioner Denies the allegation in paragraph 16 of the Answer, the Ninth Circuit has held in Hayward v. Marshall, (2008) 512 F.3d 536, 542: "When we assess whether a state parole board's suitability determination was supported by 'some evidence' in a habeas case, our analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state". Thus, Petitioner's grounds for relief are directly related to the parole board's decision to deny parole are subject to federal habeas relief.

Petitioner Denies the allegation in paragraphs 17 through 19 of the Answer.

3

When a petition for writ of habeas corpus is granted against the parole board the remedy is to order the board to release Petitioner unless there is "new evidence" based on subsequent conduct by Petitioner that his parole should be rescinded, see In re Singler, (2008) 2008 Cal.App. LEXIS 408, 2008 DJDAR 4194, 4202.

Petitioner Denies the allegation in paragraph 20 of the Answer.

Petitioner Denies the allegation in paragraph 21 of the Answer, there is "no" procedural bar to this action, and none are raised by Respondent, their answer seems to be incomplete because their sentence appears to be missing the word NOT.

Petitioner reasserts that the board failed to articulate a nexus between his commitment offense and his "current" parole risk and that the facts of his commitment offense alone do not provide "some evidence" to support the board's decision. The board's decision was not based on an individualized consideration and that the board failed to consider relevant circumstances pertaining to his suitability for parole. Thus, the board's decision was arbitrary and capricious.

Petitioner reincorporates his Petition for Writ of Habeas Corpus, and Exhibits filed for said Habeas Petition as if fully set forth herein.

Except as expressly Admitted, Petitioner Denies each and every allegation contained in Respondent's return and respectively requests that this Court Grant his Petition for Writ of Habeas Corpus.

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION

Petitioner's Petition should be Granted because he did not received the due process protections he is entitled as found by the Ninth Circuit in Hayward v. Marshall, (2008) 512 F.3d 536. The Ninth Circuit firmly held the constitutional due process safeguards that directly apply to Petitioner's Petition for Writ of Habeas Corpus are:

(1) California prisoners have a federally protected liberty interest in parole, and as such this Court must look to California Law to determine the findings that are necessary to deem a prisoner unsuitable for parole, 512 F.3d at 542; (2) the Board's denial of parole decision must cite "some evidence" that release "currently" poses an unreasonable risk of danger to society 512 F.3d at 543-544; (3) the Board's reliance on stale and static factors during a parole consideration hearing to deny parole violates due process 512 F.3d at 546-547.

COUNTER ARGUMENT TO RESPONDENT'S ARGUMENT

THE STATE COURT'S DECISION WAS CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AND WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS

A. THE NINTH CIRCUIT HAS CLEARLY ESTABLISHED THE STANDARD OF REVIEW TO BE USED

Findings made by the State Court must be supported by some evidence in the record Hayward v. Marshall 512 F.3d at 542. Contrary to the findings of the State Court that Petitioner should be denied parole because he committed a crime, the "evidence" required by statute is whether Petitioner is a 'current risk to public safety, Petitioner's "record" shows he is not.

Findings necessary to deem Petitioner unsuitable for parole, is not that a particular factor exist, but that Petitioner's release endangers the public see Dannenberg 156 Cal.App.4th at 1400; and the Ninth Circuit held: The test is not whether some evidence supports the reasons cited by the Board to deny parole, but

whether some evidence indicates a parolee's release unreasonably endangers public safety see Hayward v. Marshall, 512 F.3d at 543; In re SINGLER (2008) ____Cal.App.4th____, 2008 Cal.App. LEXIS 408.

B. PETITIONER'S PETITION SHOULD BE GRANTED BECAUSE HE WAS DENIED PROCESS DUE:
    PETITIONER WAS NEVER INFORMED WHERE HE ACTUALLY FELL SHORT FOR PAROLE

Respondent alleges Greenholtz only affords Petitioner an opportunity to be heard and a statement of reasons for the denial 442 U.S. at 16. Yet, reading the plain english used by the Supreme Court, they held the Inmate is to be heard and if denied parole be informed where he fell short for qualifying for parole (Id.).

At first glance a statement of reasons for parole denial compared to informing Petitioner where he falls short for qualifying for parole may sound the same, but its like comparing apples and oranges. Respondent is wrong, a statement of reason that parole is denied because the inmate committed a crime if a far cry from informing the inmate where he fell short in qualifying for parole, obviously the inmate can never change the crime.

Greenholtz is being applied contrary to the United States Supreme Court.

C. THE SOME EVIDENCE STANDARD OF REVIEW IS ESTABLISHED

Respondent concedes this is the Standard this Court is to use, any other claim by Respondent is without merit.

D. PETITIONER'S PETITION SHOULD BE GRANTED BECAUSE THERE IS NO "EVIDENCE"
    IN PETITIONER'S "RECORD" THAT HE IS A "CURRENT" RISK TO PUBLIC SAFETY

Respondent argues that the "some evidence" test is whether there is "any evidence" to support the board's decision, i.e. the crime. As addressed above that is not the test. The test is whether there is "some evidence" Petitioner's release from prison would present an unreasonable risk to public safety. The "record" before this Court does not contain the type of "evidence" necessary to support a finding that Petitioner "currently" poses an unreasonable risk to public safety if released from prison.

Respondent wishes this Court to continue to uphold the board's use of the unchanging factors the board has used over the past eight (8) parole hearings to deny Petitioner Parole, the board and Respondent's reliance on these factors no longer support their position as such Petitioner is entitled to relief.

E. CLEARLY ESTABLISHED NINTH CIRCUIT LAW PRECLUDES THE STATE COURTS FROM UPHOLDING THE BOARD'S RELIANCE ON PETITIONER'S OFFENSE TO DENY PAROLE

Again, Respondent invites this Court to ignore the Ninth Circuits holding in Hayward v. Marshall, (2008) 512 F.3d 536, yet this Court is bound by the Ninth Circuit's holding.

As to whether Hayward only applies to Hayward, this claim by Respondent is false, after the Ninth Circuit decided the standard of review which is to be used and the test in which to view the board's decision, the Ninth Circuit then turned to the facts of Hayward's offense. While the facts of Petitioner's offense differ in some degree compared to Hayward's there is nothing about Petitioner's offense to conclude he "currently" poses an unreasonable risk to public safety.

F. PETITIONER HAS DEMONSTRATED THE STATE COURT ACTED CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AND UNREASONABLY DETERMINED THE FACTS

Respondent however failed to answer all of Petitioner's grounds presented in his petition for writ of habeas corpus and this Court's order to show cause.

Respondent instead invited this Court to disregard a number of Petitioner's claims, alleging the claims were issues of State Law. As addressed in Hayward supra, when answering issues involving parole matters, the federal court must look to State Law and Regulations. Thus, Petitioner's grounds for relief are properly before this Court and entitle him to relief.

1. THE BOARD IMPROPERLY RELIED ON A ALLEGED VERSION OF PETITIONER'S OFFENSE CONTAINED IN A POLICE REPORT.

First, Respondent does not explain how police reports are reliable. Second Respondent does not explain why the facts Petitioner plead guilty too during the taking of the plea are not reliable. Third Respondent failed to answer the

7

question posed, and order by this Court to be answered, which was: "police reports about the offense to which petitioner pled guilty are not reliable, so the facts contained in those reports, if not confirmed at the plea proceeding, cannot be "some evidence" to support denial of parole".

Failure by Respondent to answer this ground necessitates this Court to consider Petitioner's allegation raised in his Petition and rule accordingly.

2. THE BOARD VIOLATED PETITIONER'S PLEA AGREEMENT BY RELYING ON
   DISMISSED CHARGES TO FIND THE OFFENSE INVOLVED MULTIPLE VICTIMS

Petitioner was asked to plea to "one" count of second degree murder in exchange for all other counts being dismissed, clearly a promise that Petitioner would only be required to serve a sentence based on the offense plead to.

Respondent's position is, the Board should be able to use every charged offense the D.A. dismissed to continue Petitioner's incarceration. In order for Respondent's position to be correct, Petitioner would have had to been sentenced for a greater term then he plead too, i.e. prison time for those other charges, this is not the case. Petitioner expected as part of his plea to serve a sentence of 17 "years" to a possible life sentence. He was never informed that the Board would use dismissed charges to continue his incarceration.

While Respondent failed to submit Petitioner's Plea and State Prison transcripts, Petitioner did see (Pet. Ex.) Exhibit E.

The United States Controlling Law in this area is clear, see <u>Santobello v. New York</u>, (1971) 404 U.S. 257: "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. ... "When the record shows petitioner 'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges or on other conditions the prosecutor or other staff lawyer from that prosecutor's office cannot argue differently". (Id. at 262).

As part of Petitioner's plea he was told he would serve time for second degree murder, he has done that, yet the D.A. argued during the parole hearing and

the Board agreed that Petitioner should be denied because he committed other dismissed offenses, both the D.A. and the Board violated <u>Santobello</u>.

The Ninth Circuit said in <u>United States v. Packwood</u>, (1988) 848 F.2d 1009, 1012: "As a defendant's liberty is at stake, the government is ordinarily held to the literal terms of the plea agreement it made" and then held in <u>United States v. Pruitt</u>, (1994) 32 F.3d 431, 433: "the government gets what it bargains for but nothing more".

Respondent is not arguing Petitioner's plea did not dismiss all other charges nor does Respondent argue that Petitioner's plea sentenced him to more than 17 "years" to a possible life sentence. Respondent instead argues that the Board should be allowed to used dismissed charges to continue to incarcerate Petitioner, i.e. serve time for dismissed charges. Respondent can frame their position any way they choose, but an attempt to claim that the Board is merely considering these dismissed charges in a suitability determination and therefore does not violated the plea agreement is crazy.

Letting Respondent "win" this claim would allow the Government to get more than what the Government bargained for. Respondent's real problem is with plea bargains, as such Respondent should not enter into them.

3. THE CLAIM ALLEGED HERE BY RESPONDENT "PETITIONER IS ENTITLED TO PAROLE BASED ON PENAL CODE SECTION 3041 (a)" WAS NOT RAISED BY PETITIONER

4. PETITIONER IS BEING DENIED HIS ENTITLED POST-CONVICTION CREDITS

Respondent admits Petitioner is entitled to earn good time credits under the Determinate Sentencing Law California Penal Code section 1170, but claims Petitioner is not entitled to collect them. The <u>Stanworth</u> case referenced to by Respondent, is some what misleading, <u>Stanworth</u> committed a first degree murder, was found suitable as the law required and the issue was which release date <u>Stanworth</u> was entitled to, and <u>Stanworth</u> was parole prior to serving 20 years.

Here, Petitioner has served over 24 years on a 17 to life sentence and should have been paroled years ago, and then he would have benefited from the good time

credit he has earned, but clearly the Board is choosing to wait until the time they are ready to discharge Petitioner which gives no opportunity for the operation of the good time credit system a violation of California Supreme Court Law see Ex parte Lee (1918) 177 Cal. 690.

5. PROPOSITION 89 WOULD VIOLATE PETITIONER'S PLEA AGREEMENT

Respondent seems to misunderstand Petitioner's claim. Petitioner is claiming that as part of his plea agreement, it was promised that the Board would release Petitioner on parole. Thus, when this Court finds there is "no evidence" to support the Board's decision that Petitioner is unsuitable for parole and grants Petitioner's Petition, no remand for Governor review would be required since Petitioner's plea limits the power of his release to the Board.

RESPONDENT FAILED TO ANSWER ALL OF PETITIONER'S GROUNDS

Respondent failed to answer Petitioner's Ground Six: "Petitioner's due process rights under the 5th & 14th Amend., of the U.S. Const., are violated by the Board's use of unchanging factors to deny Petitioner a grant of parole, once Petitioner exceeded his minimum term". See Petitioner's Petition page 6m.

As addressed in his Petition on page 6, Petitioner explains that he has been denied PAROLE eight (8) times based on the same factors and has exceeded his minimum term by seven (7) plus years, a claim undisputed by Respondent's silence.

According to Hayward v. Marshall 512 F.3d 536 Petitioner's Ground Six entitles him to the relief he seeks, release on parole.

CONCLUSION

WHEREFORE: Petitioner's Petition should be granted, Respondent's was unable to point to "any evidence" contained in Petitioner's "record" the Petitioner poses a "current" risk to public safety if released from prison, a finding required under Hayward v. Marshall, (2008) 512 F.3d 536. Petitioner's remedy should be an order for the Parole Board to release him.

When a petition for writ of habeas corpus is granted against the parole board the remedy is to order the board to release Petitioner unless there is "new evidence" based on subsequent conduct by Petitioner that his parole should be rescinded, In re Singler, (2008) 2008 Cal.App. LEXIS 408, 2008 DJDAR 4194, 4202.

I, Santos Chavez, declare all the above true and correct under penalty of perjury

DATED: April 27, 2008

Respectfully Submitted,

_Santos Chavez_
Santos Chavez  Pro Se

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____Santos Chavez_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

_____Santos Chavez_____, CDCR #: C-87968
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: ED-178-Up
SOLEDAD, CA  93960-0689.

On _____April 27, 2008_____, I served the attached:

TRAVERSE TO RESPONDENT'S ANSWER TO PETITIONER'S PETITION FOR

WRIT OF HABEAS CORPUS:  MEMORANDUM OF AUTHORITIES

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA 94102-7004

DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVENUE #11000
SAN FRANCISCO, CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  aPRIL 27, 2008  .

_____[signature]_____
SANTOS CHAVEZ
Declarant