UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTOS CHAVEZ,

           Petitioner,           No. C 07-5014 PJH (PR)

  vs.                                   **ORDER DENYING HABEAS PETITION**

BEN CURRY, Warden,

           Respondents.
                                       /

       This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole.

       The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

       In 1984 petitioner pled guilty to second degree murder. He was sentenced to prison for seventeen years to life. This petition is directed to a denial of parole on February 9, 2006.

**DISCUSSION**

**I.    Standard of Review**

       A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340;

*see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**II.    Issues Presented**

As grounds for federal habeas relief, petitioner contends that:  (1) Use of the dismissed charges against him as grounds to deny parole violated his plea agreement; (2) police reports about the offense to which petitioner pled guilty were not reliable, so the facts contained in those reports, if not confirmed at the plea proceeding, cannot be "some evidence" to support denial of parole; (3) failure to meet one of the suitability factors is not enough to constitute "some evidence;" (4) the indeterminate sentencing law unconstitutionally deprives him of his statutory right to good time; (5) there was not "some evidence" that petitioner would be a danger to the public if released; (6) the Board's use of the circumstances of his crime to deny him parole violated due process; (7) application of Proposition 89 to petitioner, who was convicted before its passage, violated his ex post facto rights.

**A.    Respondent's Contentions**

In order to preserve the issues for appeal respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence.  Because these contentions are contrary to Ninth Circuit law, they are without merit.  *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d

895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### B.     Petitioner's Claims

#### 1.     Violation of Plea Agreement

Petitioner contends that by denying him parole the Board has breached his plea bargain, because it is in effect treating him as if he had been convicted of first-degree murder.  The plea bargain called for him to plead guilty to second degree murder, in return for which the prosecutor would dismiss other charges.  Pet. Ex. E [transcript of change of plea hearing] at 1-6.  Petitioner does not contend that the other charges were not dismissed, but rather that it was a breach of the plea bargain for the Board to rely on the facts lying behind those other charges as grounds to deny parole.  The plea agreement, however, did not say that the other charges, or rather the facts giving rise to them, would not be considered in determining whether to grant parole.

Petitioner has failed to establish that there was a breach of the plea bargain, the factual basis for this claim.  The claim is without merit.

#### 2.     Police Reports

In the petition, petitioner contended that the Board's use of police reports violated a state regulation.  This is, of course, a state law claim and not grounds for federal habeas relief, as respondent points out.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).  However, petitioner also contended in claim two that the police reports were not reliable, and cited a number of federal cases for the proposition that the "some evidence" supporting a parole denial must be reliable.  This was sufficient to assert a federal claim, but whether it is one upon which habeas relief can be granted is another question.

The Ninth Circuit stated in *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir. 2002), that to comply with due process a parole denial must not only be supported by "some evidence," but it must have some indicia of reliability. *Id.* at 904.  This was repeated in

4

another parole case, *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003). The *McQuillion* court quoted and cited *Jancsek v. Oregon Board of Parole*, 833 F.2d 1389 (1987). *McQuillion*, 306 F.3d at 904. In *Jancsek* the court held that due process requires that a parole denial be supported by "some evidence," reasoning that *Superintendent v. Hill*, 472 U.S. 445, 456 (1985), which applied that standard to prison disciplinary decisions that affected the length of the prisoner's incarceration, should apply in parole cases because grant or denial of parole also affects the length of incarceration. *Id.* at 1390. As relevant here, however, *Jancsek* also held, without explanation or discussion, that the "some evidence" relied upon by the Board must have "some indicia of reliability." *Id. Jancsek*, in its turn, cited *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987), a disciplinary case, in which the court was squarely presented with the question whether "some evidence" must possess some indication of reliably, and answered "yes." *Id.* at 705. *Cato* cited two cases from other circuits, *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), and *Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir. 1982), as support. Like *McQullion*, *Biggs*, *Jancsek*, and *Cato*, those cases did not point to a Supreme Court case that imposed a reliability requirement. *See Mendoza*, 779 F.2d at 1295; *Kyle*, 677 F.2d at 1390-91.

None of the cases discussed above identified a Supreme Court case that imposed the reliability requirement, and this court has found none. As a consequence, even if the evidence upon which the Board relied here did not have indicia of reliability, that lack would not be a violation of "clearly established Federal law, as determined by the Supreme Court of the United States," and thus would not be grounds for federal habeas relief. *See* 28 U.S.C. § 2254(d). However, and more importantly, even if the court were to find that indicia of reliability were required, the court finds that the police reports do contain some indicia of reliability by virtue of their being official reports completed within the scope of the officers' employment. Accordingly, this claim does not afford habeas relief.

### 3. Suitability Factors

Petitioner contends that the Board cannot use failure to meet one of the suitability factors set out in the California regulations, *see* Cal. Code Regs., tit. 15, § 2402(b)-(d), as

5

"some evidence" to justify the denial of parole. Pet. at 6k. Petitioner's phrasing of this issue is somewhat confusing, but it appears that he is claiming that state law does not allow the Board to deny parole based on only one unsuitability factor, and thus that the fact the Board thought he had not shown sufficient remorse was not enough to constitute "some evidence."

In any event, the California Supreme Court has clarified that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06. There is nothing that the would violate federal due process in the Board denying parole based on lack of remorse, as long as the evidence of lack of remorse is sufficient to constitute "some evidence" that petitioner would be a danger to society if released. That the Board here relied on lack of remorse thus was not a constitutional violation.

### 4. Deprivation of Right to "Good Time"

Petitioner contends that California's indeterminate sentencing law substitutes "the will and discretion" of the Board for his statutory right to good time. Even assuming that there is a conflict between the statutes, this claim still is only one of state law – the question would be, "which of two state laws should prevail?" This is not a federal constitutional question. For that reason, it is without merit. *See Estelle*, 502 U.S. at 67-68 (no federal habeas relief for state law violations).

### 5. "Some Evidence"

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or

6

weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

Petitioner was convicted in 1984. The parole hearing at issue here was in 2006, at which point petitioner had served about twenty-two years on his sentence of seventeen years to life. He was about forty-two at the time of the hearing.

Petitioner and a companion, members of the Avenues gang, drove into rival gang territory and opened fire on a group of people, killing one and seriously injuring two others. Ex. B at 4-5. The official version of the facts at least implied that petitioner attacked because the victims were members of the rival gang, while petitioner's version was that he went to the victims' location seeking revenge for harassment of his wife, and that the rival gang members opened fire first. *Id.* at 4-31.

The Board's denial of parole was based on those facts of the offense that were undisputed and, as to the disputed motive, petitioner's version. *Id.* at 112-113. The fact is that petitioner shot into a crowd of people, regardless of his motive. After twenty-two years the nature of offense has lost much of its evidentiary value as to whether he still would be a danger to society if released, but it cannot be disregarded altogether. Furthermore, petitioner has given a number of versions of the offense over the years, which, as the

Board indicated, leaves some doubt as to reliability of his claims to have changed. *Id.* at 111, 114-16, 117-19, 121-24. Together, these constitute "some evidence" to support the denial. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of offense and one additional factor (psychiatric reports) sufficient to support denial).

### 6. "Biggs Claim"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled. This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, 952 (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

Depending on whether the discussion of dictum in the dissent from denial of

rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner contends that simply using the circumstances of his offense as grounds for denial for the second time violates due process, separate from his "some evidence" claim, discussed above. It thus appears that he intends to present a *Biggs* claim.

Petitioner has failed to establish the predicate for his *Biggs* claim. For one thing, petitioner's parole was not denied solely because of the circumstances of his offense, but also because of the inconsistencies in his statements about the crime over the years. And assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### 7.   Ex Post Facto Claim

Petitioner asserts that it violates the Due Process Clause to apply Proposition 89, which provides for gubernatorial review of Board decisions, to a prisoner, such as himself, who was convicted prior to the proposition's passage. The governor has not reviewed petitioner's parole decision, and in any event this contention has been rejected by the Ninth Circuit. *See Johnson v. Gomez*, 92 F.3d 964, 965 (9th Cir. 1996). This claim is without merit.

### CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 19, 2009.

PHYLLIS J. HAMILTON
United States District Judge

9

P:\PRO-SE\PJH\HC.07\chavez014.RUL.wpd

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28