UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SANTOS CHAVEZ,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondents.

No. C 07-5014 PJH (PR)

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

    This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The petition was directed to a denial of parole on February 9, 2006. The court denied the petition in an order entered on October 19, 2009. Petitioner filed a timely notice of appeal. His motion for leave to proceed in forma pauperis on appeal was granted.

    At the time petitioner filed his notice of appeal, petitioners whose challenges to a parole denial had been rejected did not have to obtain a certificate of appealability ("COA") in order to appeal. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005). *Rosas* was overruled as to this point in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), so a COA is now necessary. *See id.* at 552-55. The court of appeals has remanded this case for the court to determine whether a COA should issue.

    A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

Petitioner contended that: (1) Use of the dismissed charges against him as grounds to deny parole violated his plea agreement; (2) police reports about the offense to which petitioner pled guilty were not reliable, so the facts contained in those reports, if not confirmed at the plea proceeding, cannot be "some evidence" to support denial of parole; (3) failure to meet one of the suitability factors is not enough to constitute "some evidence;" (4) the indeterminate sentencing law unconstitutionally deprives him of his statutory right to good time; (5) there was not "some evidence" that petitioner would be a danger to the public if released; (6) the Board's use of the circumstances of his crime to deny him parole violated due process; (7) application of Proposition 89 to petitioner, who was convicted before its passage, violated his ex post facto rights.

A COA will be issued as to claim five, petitioner's contention that there was not "some evidence" to support the parole denial.  Jurists of reason might find it debatable whether the circumstances of a gang drive-by shooting could be "some evidence" more than twenty-two years later, with or without the fact that petitioner's purportedly gave varying versions of the offense over the years.  A COA is denied as to the other issues for the reasons set out in the order denying the petition.

The certificate of appealability implied from the notice of appeal is **GRANTED**.  The clerk shall transmit the record and a copy of this order to the Court of Appeals.

**IT IS SO ORDERED.**

Dated:  July 9, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.07\chavez014.COA.wpd